1. ALIENS—ADMINISTRATION OF ESTATE—PUBLIC ADMINISTRATORS.

    Where the public administrator was appointed to administer upon the estate of an Italian subject who died a resident of New York, and the sole next of kin resides in Italy, the administrator may turn over the balance of the estate to the consul general of Italy, and it is not necessary that the next of kin be cited and paid directly.

Proceedings on the final judicial settlement of the account of William B. Davenport, public administrator, as administrator of Pietro Fiorentino, deceased.

Frederick H. Chase, for public administrator.

Ullo & Ruebsamen, for Gustav Tosti, acting consul general of Italy.

CHURCH, S. The deceased was an Italian subject, resident of Kings county, where he died. The sole next of kin is the father, residing in Italy. The public administrator was duly appointed, and is about to render his account, by which there will be a balance payable to the next of kin. The Italian consul claims the right to intervene and take possession of said balance. The same question has been before the court several times for adjudication. Matter of Tartaglio, 12 Misc. Rep. 245, 33 N. Y. Supp. 1121, in which it was held that the consul general had the right to receive such distributive share. In Matter of Fattosini, 33 Misc. Rep. 18, 67 N. Y. Supp. 1119, it was held that the consul general of Italy had the exclusive right to administer upon Italian subjects' estates. In Matter of Lobrasciano, 38 Misc. Rep. 415, 77 N. Y. Supp. 1040, it was held that the consul general had the sole right to administer. In Matter of Logiorato, 34 Misc. Rep. 31, 69 N. Y. Supp. 507, the surrogate of New York county held that the consul general of Italy was not entitled to administer. These decisions are thus directly contradictory. I shall not attempt to discuss the question at length and decide which of the two is correct, as in the case before me the question is simply whether the public administrator shall turn over the balance to the consul general, or cite the next of kin and pay him directly. Even if we give to the word "intervene," as used in the treaty with the Argentine Republic, the interpretation placed on the same by Judge Thomas, still the right to so intervene would certainly include the right to receive the property belonging to the alien, and hence the money in question here should be paid over to the consul general.

It is to be regretted that this important question should only arise in such small matters that there is no decision of an appellate court on the matter, and hence that such confusion should exist in regard to the same.

Let decree be presented accordingly.

Decreed accordingly.