suming, in accordance with the decision of the New York Supreme Court, that the decedent was a resident of this state, if that part of his personal property which was situated in California passed or was transferred to his next of kin by virtue of the intestate laws of this state, such a transfer would be taxable here. Matter of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709. But, at the time the New York court decided that he was a resident of this state, the property located in California had already been distributed under and by virtue of a decree of a court of competent jurisdiction in that state and in the proportion prescribed by the intestate laws of that state. The property having already been actually transferred under the intestate laws of the state of California, there was no property there which could be transferred under the intestate laws of this state. The theory that the property passed under the intestate laws of this state must give way to the fact that it was actually transferred under the intestate laws of the state of California. The superior court of Los Angeles being a court of competent jurisdiction, its decree was entitled to full faith and credit in this court. Tilt v. Kelsey, 207 U. S. 43, 28 Sup. Ct. 1, 52 L. Ed. 95.

Therefore, as the decedent's property in California was not transferred to his next of kin by virtue of the intestate laws of this state, the courts of this state have no jurisdiction to impose a tax upon the transfer of such property. The order fixing the tax should be reversed and the report remitted to the appraiser for the purpose of excluding from the taxable assets of the estate the value of decedent's property situated in California.

Decreed accordingly.

---

(63 Misc. Rep. 637.)

## In re BRISTOW.

(Surrogate's Court, Kings County. June, 1909.)

AMBASSADORS AND CONSULS (§ 5*)—POWERS OF CONSULS—REPRESENTATION OF ALIENS IN ADMINISTRATION OF DECEDENT'S ESTATE.

The Italian consul has the right to represent alien minor next of kin of a deceased Italian subject, on the judicial settlement of the accounts of the administrator of the deceased, and the appointment of a special guardian for such minors after the consul has appeared is improvident and should be vacated.

[Ed. Note.—For other cases, see Ambassadors and Consuls, Cent. Dig. § 14; Dec. Dig. § 5.*]

Judicial settlement of account of Walter M. Bristow, administrator with will annexed of Henry Bristow, former Public Administrator of Kings County, as administrator of Guiseppe Tepedino. On motion to set aside appointment of special guardian for minor next of kin. Granted.

George Eckstein, for administrator.
Gino C. Speranza, for Italian consul.
Edward J. Fanning, special guardian.

KETCHAM. S. The right of the Italian consul to represent alien minor next of kin of a deceased Italian subject upon an accounting by the administrator of the estate of such deceased must be recognized. In this case appearance for next of kin of the class described was duly made by an attorney delegated by the Italian consul.

The appointment, thereafter made, of a special guardian for the Italian infants, was improvident and must be set aside.

Decreed accordingly.