HEBBARD, Com'r Public Charities, v. LEVIN et al.

(Supreme Court, Appellate Division, First Department.    June 2, 1911.)

1. HUSBAND AND WIFE (§ 319*)—SUPPORT OF WIFE—BONDS—STATUTES.
    Greater New York Charter (Laws 1901, c. 466) § 685, provides for conviction of a husband who has abandoned his wife and children without adequate support as a disorderly person; and section 686 authorizes the giving of a bond by the husband to the commissioner of public charities for the payment of weekly sums, to be fixed by the justice, to the commissioner "for and toward the support" of the wife and children.    By Laws 1908, c. 357, § 687, providing for an action on the bond, was amended so as to provide that it should not be necessary to prove payment of money by the commissioner for the support of the wife and children, but that neglect to pay the sum ordered should be a breach of the undertaking, and the measure of damages should be the sum ordered to be paid, which was withheld at the time of the commencement of the action, with interest thereon.    *Held* that, in an action on such bond, proof of payment of the amount required by the magistrate in full or in part to the wife for her support, or the support of the wife and children, and as required, would be a complete or partial defense.
    [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 319.*]

2. HUSBAND AND WIFE (§ 319*)—SUPPORT OF WIFE—BOND—ACTION.
    In an action on a husband's bond for support of his wife and children, given in proceedings to convict him as a disorderly person for refusing to furnish his wife and children with adequate support, as authorized by Greater New York Charter (Laws 1901, c. 466) §§ 685, 686, 687, the amount required for the wife's support, as previously fixed by the magistrate, is not open to inquiry.
    [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 319.*]

Appeal from Appellate Term.

Action by Robert W. Hebbard, Commissioner of Public Charities of the City of New York, against Louis H. Levin and another. From a determination of the Appellate Term, affirming a judgment of the Municipal Court (123 N. Y. Supp. 1022), defendants appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis H. Levin, for appellants.
Terence Farley, for respondent.

LAUGHLIN, J.   This is an action on a bond given by the defendant Levin, as principal, and the defendant Hessberg, as surety, upon the conviction of said Levin of being a disorderly person under section 685 of the Greater New York Charter.   The bond was given pursuant to the provisions of section 686 of the charter, and the action thereon is authorized and regulated by the provisions of section 687 of the charter.

It was charged that Levin threatened to abandon and had abandoned his wife and children without adequate support, and that they were in danger of becoming a burden on the public; and on being convicted thereon, it was duly adjudged that for a period of one year from the 9th day of February, 1909, he pay to the commissioner of public charities the sum of $20 weekly for and towards the support

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of his wife and children. The bond upon which the action is based was conditioned for the payment of said amount weekly to said commissioner "for and towards the support" of the wife and children of Levin. The action was for three weekly installments, but on the trial it appeared that Levin had paid $15 on account thereof. It is conceded that the judgment was erroneously entered for the full amount of $60, whereas it should have been for only $45.

[1, 2] The appellants attempt to present for decision the question as to whether payment to the wife of the amount required by the order of the magistrate, and to secure payment of which the bond was given, instead of to the commissioner, would be a defense to the action, in view of the amendment to said section 687 made by chapter 357 of the Laws of 1908, which, so far as material to the question, provides that it shall not be necessary to prove the payment of money by the commissioner for the support of the wife, or wife and children, but that—

"the neglect to pay the sum ordered to be paid by competent authority for the support of the wife or children shall be a breach of the undertaking and the measure of damages shall be the sum ordered to be paid and which was withheld at the time of the commencement of the action with interest thereon."

Doubtless the payment to the wife for her support, or the support of herself and children, of the full amount required by the magistrate, and as required, would be a complete defense to an action on the bond, and payment in part would be a partial defense; but the determination of the magistrate with respect to the amount required for that purpose is not open to inquiry on an action on the bond.

The appellant Levin was permitted to express an opinion to the effect that $15 was sufficient for the support of his wife and children and to state that he had "provided for her." As already observed, the amount required to be paid was not open to review in this action, and his statement that he had provided for his wife is not a statement of fact, but a conclusion, and was properly stricken out.

It follows, therefore, that the determination should be modified, so as to direct that the judgment be reduced to $57, including costs, and, as thus modified, affirmed, without costs. All concur.