(72 Misc. Rep. 341.)

DRUMMOND, Commissioner of Public Charities, v. McGARRY et al.

(Supreme Court, Appellate Term.   June 9, 1911.)

1. HUSBAND AND WIFE (§ 318*)—BOND FOR SUPPORT—NATURE OF OBLIGATION—STATUTES.

Greater New York Charter (Laws 1901, c. 466) § 687, provides that where a husband has left his wife and children he may be compelled, in a proceeding by the commissioner of public charities, to execute a bond to pay a certain amount weekly toward their support. Laws 1908, c. 357, provides that in an action brought on such a bond it shall not be necessary for plaintiff to prove the actual payment of money by the commissioner of public charities, but that neglect to pay the sum ordered shall be a breach of the undertaking, and that the measure of damages shall be the sum ordered to be paid, which is withheld at the time of the action. *Held,* that the effect of the amendment was not merely to change the burden of proof, but changed bonds given under the section as amended from bonds of indemnity to absolute obligations.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1114; Dec. Dig. § 318.*]

2. HUSBAND AND WIFE (§ 303*)—BONDS FOR SUPPORT—STATUTES—CONSTITUTIONALITY—DUE PROCESS OF LAW.

Greater New York Charter (Laws 1901, c. 466) § 687, requiring a husband who has abandoned his family to give bonds for their support, as amended by Laws 1908, c. 357, construed to make such bonds absolute obligations, and not mere contracts of indemnity, is not unconstitutional.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1101; Dec. Dig. § 303.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexe.;

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Michael J. Drummond, Commissioner of Public Charities of the City of New York, against Joseph S. McGarry, impleaded with Atticus H. Mitchell. From a Municipal Court judgment in favor of plaintiff, entered after trial without a jury, defendant McGarry appeals. Affirmed.

Argued before SEABURY, BIJUR, and PAGE, JJ.

John F. Moroney, for appellant.
Archibald R. Watson (Herman Stiefel, of counsel), for respondent.

PAGE, J. The plaintiff, as commissioner of charities, brought this action to recover on a bond in the sum of $260 given by one Mitchell, as principal, and the appellant, McGarry, as surety, for the faithful performance of an order made by a magistrate requiring Mitchell to pay to the commissioner of public charities $5 weekly and every week for and toward the support of his wife and child, for the period of one year. Mitchell had paid during the year $15, and judgment was recovered in this action for $245 and costs.

The appellant contends that this is a bond to indemnify the public authorities for such sums as they may have expended for the support of the wife and child, and that, defendant having proved that the wife had not received public charity, the judgment should have been for the defendant. Under the provisions of section 687 of the Greater New York charter, prior to the amendment of 1908, the Court of Appeals by a vote of four to three held that it was the intention of the Legislature that the bond required under that section should be a bond of indemnity, and that it was, therefore, necessary for the commissioner of charities to prove what sums he had disbursed for the support of the family of the principal on the bond, and, if nothing had been thus paid, nothing could be recovered. Goetting v. Normoyle, 191 N. Y. 368, 84 N. E. 287. This case was decided March 10, 1908. The Legislature immediately declared its intention by amending said section to read:

"That in an action brought upon the bond it shall not be necessary to prove the actual payment of money by the commissioner of public charities, but the neglect to pay the sum ordered to be paid, by competent authority, for the support of the wife and children, shall be a breach of the undertaking, and the measure of damages shall be the sum ordered to be paid which was withheld at the time of the action. * * *" Chapter 357, Laws 1908, which became a law May 19, 1908.

[1] The Legislature, by this amendment, which was drafted by the writer of this opinion, then a member of the cities committee of the Senate, intended to make it clearly appear that it did not intend that the bond should be one of indemnity. It was not the intention of the Legislature, as contended by appellant, merely to change the burden of proof, but properly impose the burden of support upon the husband, and make effective the order of the magistrate requiring the husband to contribute the sum imposed toward the support of his family.

130 N.Y.S.—11

[2] This construction of the statute does not make the act unconstitutional, as appellant urges, as it changes a bond from one of indemnity to one of absolute payment. What the effect of the statute was upon bonds theretofore given it is not necessary to decide. The bond was given after the act was passed, and the act became as much a part of the undertaking of the parties to the bond as it would if written in the bond.

The judgment should be affirmed, with costs.

BIJUR, J., concurs.

SEABURY, J. I concur in the result, upon the authority of Hebbard v. Levin (App. Div., June 2, 1911) 129 N. Y. Supp. 1088.