## In the Matter of the Estate of Luigi Perillo, Deceased.

Surrogate's Court, Queens County, June 22, 1939.

*Stein & Salant*, for Daniel Cappiello, as administrator, etc.

*Hardin, Hess & Eder*, for the Royal Italian Consul.

*Joseph P. Teagle*, for the special guardian for Teresa and Maddalena Perillo, infants.

Hetherington, S. On April 3, 1939, a decree was made judicially settling the account of the administrator for a fund representing the proceeds of a settlement arising out of an action instituted by him for the wrongful death of the decedent. His widow and two infant children, all non-resident aliens, were the only persons interested in the distribution thereof. Under the terms of the decree the distributive share of the widow was directed to be paid to the Royal Italian Consul at New York city as her attorney in fact. The distributive shares of the infants, being in excess of $300, were directed to be paid to their guardians, when appointed, or, in default of such appointment, to the city treasurer. This latter direction was in conformity with section 271 of the Surrogate's Court Act. The Consul now moves for an order directing that the amounts directed by the decree to be paid to the guardians of the

infants be paid to him as attorney in fact for their mother, their guardian, or to the mother as guardian. In support of the application it is urged that under the Italian law the mother is the natural guardian and entitled to the possession of the property of her minor children. Even though this be so, she is regarded by the courts of this State as a foreign guardian and as such she is not entitled to receive the funds of the infants without first being appointed ancillary guardian pursuant to subdivision 2 of section 184 of the Surrogate's Court Act. A foreign guardian is not entitled to recognition by the courts of this State. (See *West* v. *Gunther,* 3 Dem. 386.) The guardian contemplated by section 271 of the Surrogate's Court Act is one appointed by the Surrogate's Court or the Supreme Court. (See Surr. Ct. Act, § 314, subd. 13.) Inasmuch as the mother of the infants had no right to receive the funds she could not grant to her attorney in fact something which she did not possess herself. If the position of the Consul is correct, an alien parent would enjoy a right or privilege not given to a resident parent. Inasmuch as the Consul relies solely on the power of attorney executed by the mother " as legal representative of her minor daughters," the application cannot be granted and is denied. However, the Consul may apply, in his official capacity, for an order directing the city treasurer to pay over the funds in question for the account of his nationals. (See *Matter of Tartaglio,* 12 Misc. 245; *Matter of Houston,* 145 App. Div. 417.)