Maximilian Moss, S.
The Consul General of the Italian Republic in the City of New York, has petitioned for an order directing the Treasurer of the City of New York to pay to him in his representative capacity the fund deposited with said Treasurer for the benefit of Carmine Castellano, pursuant to an accounting decree of this court dated April 20, 1960. The amount deposited was $1,974.18, the distributive share of said Carmine Castellano in the estate of the decedent herein.
The identity of the said distributee has been established. He is an Italian national, a resident of S. Angelo dei Lombardi, Province of AveUino, Italian Republic, who was adjudged an incompetent on March 16, 1959 by a decree of the Tribunal of *944 said S. Angelo del Lombardi. There has been no appearance by or communication from any person representing the incompetent’s estate other than the petitioner herein. The issue to be determined is whether petitioner may maintain this proceeding and demand and receive the fund so deposited for the benefit of the incompetent.
Prior to World War II the courts of this State consistently held that under international law as well as the Consular Convention of May 28, 1878 between the United States of America and the then Kingdom of Italy, an Italian Consul was authorized to maintain a proceeding in any court of competent jurisdiction and to demand payment of a distributive share of a nonresident national from a decedent’s estate administered in our courts (Matter of Tartaglio, 12 Misc. 245 ; Matter of Perillo, 173 Misc. 21 ; Matter of Davenport, 43 Misc. 573 ; Matter of Baldasarro, 92 Misc. 627 ; Matter of Blasi, 172 Misc. 587 ; see, also, Matter of White, 100 Misc. 393 ; Ann. 157 A. L. R. 118).
The authority of a foreign consul to act in such cases, as expressed by the Court of Appeals in Matter of Zalewski (292 N. Y. 332, 338) is that he is “ one who by treaty has been constituted the attorney in fact of his absent national.” In the Bello Corrunes (6 Wheat. [19 U. S.] 152) the Supreme Court of the United States extended the authority of a Spanish Consul to demand the return of a ship owned by Spaniards ‘ ‘ whose very names he did not know.” The courts of our State have extended such powers of foreign consuls to demand and receive property and money of an infant as well as of an adult absent national (Matter of Bristow, 63 Misc. 637 ; Matter of Ostrowski, 160 Misc. 482 ; see, also, Matter of Perillo, 173 Misc. 21).
Following the end of World War II the United States of America and other Allied Powers entered into a Treaty of Peace with Italy which was signed February 10, 1947 and went into force September 15, 1947. That treaty provides that each power would notify Italy within a period of six months from its coming into effect, of the previously existing bilateral treaties with Italy which any such power desired to revive, and to enumerate and register them with the Secretariat of the United Nations, and that all such treaties not so enumerated were to be regarded as abrogated. On February 6, 1948 the Department of State in accordance with said provisions notified the Italian Government that the United States desired to keep in force certain bilateral treaties and other international agreements with Italy, among them being the Consular Convention of May 28,1878. It was thereby revived and continued in force (see, also, Treaty of Friendship, Commerce and Navigation *945 signed February 2, 1948, entered into force July 26, 1949, 63 U. S. Stat. 2255).
The Treaties and Consular Conventions between the United States and Italy contain a “ most favored nation ” clause, under which the Italian Consul General is entitled to exercise such rights and privileges as are granted to other most favored foreign nations. (See Matter of Zalewski, 292 N. Y. 332, 339, supra.)
A review of the applicable authorities leads to the conclusion that petitioner’s authority extends to this proceeding on behalf of an incompetent nonresident national, as well as on behalf of a competent or infant nonresident national, without any special mandate from any of them. The application is granted.