JAMES HALSEY, Respondent, v. EBENEZER M. REID, | 4 777 22ap522 |
· Appellant.

*Statute of limitations — parol ratification of contract of infant — Code, § 110.*

This action was commenced in November, 1873, to recover for goods sold, in June, 1867, to the defendant, who was then an infant nineteen years of age. The goods were not necessaries. In September, 1871, the defendant, *by parol*, acknowledged the justness of the account against him for the goods, and promised to pay it. *Held*, that section 110 of the Code was inapplicable to such a case, and that such parol ratification and promise were valid ; that plaintiff's claim not being capable of enforcement until ratified by defendant after reaching his majority, plaintiff's cause of action did not arise until then, and therefore was not barred by the statute of limitations.

Appeal from a judgment in favor of the plaintiff, entered upon the·trial of this action before the court, without a jury.

*Shaw & Palmer*, for the appellant. The claim in suit is barred by the statute of limitations, it being conceded that no action was commenced upon it within six years after the indebtedness is alleged to have accrued. (Code, § 91.) No verbal promise can be of any legal force to take the case out of the operation of title 2 of the Code, of the time of commencing civil actions. (Code, § 110 ; *Esselstyn* v. *Weeks*, 12 N. Y., 639 ; *McLaren* v. *McMartin*, 36 id., 88.) Such a promise is not even operative as an estoppel. (*Shapley* v. *Abbott*, 42 N. Y., 443.) Nor is it possible to maintain this action upon the theory that the cause of action accrued when the new promise was made, based upon the old consideration, for, although the original debt may furnish a good consideration, the obligation itself is void by the statute.

*Youmans & Niles*, for the respondent.

James, J. :

This was an action for goods sold and delivered ; the only defense, the statute of limitations. The action was commenced November 14th, 1873 ; the goods were sold June 1st, 1867 ; it was therefore certain that more than six years had elapsed between the sale and

the commencement of this action. The plaintiff further showed that, at the time of such sale and purchase, defendant was a minor of the age only of nineteen years, and that after defendant became twenty-one, to wit in 1869, he ratified said purchase, and by parol promised and agreed to pay for said goods; and plaintiff claimed that as no cause of action accrued to him which he could enforce until the purchase was ratified and promise to pay made after defendant had reached his majority, the statute of limitations did not commence until then to run.

It is not claimed by either side that the original indebtedness was for necessaries; hence that obligation, though a moral one, could not be enforced. But the moral obligation existed, though incapable of enforcement, and furnished a sufficient consideration to support and uphold a promise to pay on arriving at age.

It is urged that such subsequent promise is void, for not being in writing under the provisions of section 110 of the Code. But that section has no application to this case. It has nothing to do with the question of infancy or a subsequent promise after maturity. That section has reference to title 2, part 2 of the Code treating of the time of commencing actions. I notice the reference to the cases of *Esselstyn* v. *Weeks* (12 N. Y., 638) and *McLaren* v. *McMartin* (36 id., 88) but in each case the question arose as to the statute of limitations; neither passed upon the question presented by this case. I regard the law now, in reference to parol ratification and promise to pay after maturity of a debt contracted during minority, the same as before the Code. A parol ratification and promise were then valid and are now valid. It is conceded that infancy is a personal privilege; but the contract of an infant is not void, only voidable. It cannot be enforced if the infant, or, after maturity, the adult resists. But after maturity it may be ratified by promise to pay, and, being based on a sufficient consideration, may be enforced whether in writing or by parol. Of the validity of a parol promise there may be some doubt, although I have none. It is based on sound morals and in furtherance of justice, and hence I hold it must be sound in principle.

A cause of action is a claim which may be enforced. (*Bucklin* v. *Ford*, 5 Barb., 393.) A cause of action cannot be said to have accrued until capable of enforcement. The statute of limitations

does not commence to run against a claim until there is some one against whom it can be enforced.

Therefore this claim was not barred ; it was not capable of enforcement until ratified by defendant after reaching his majority, and six years have not elapsed since he became twenty-one years of age.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.