Horace Russell, J.
[Dissenting.]—The action was for a private nuisance; for an injury to premises belonging to the plaintiff’s testatrix, on the corner of Laight and Hudson streets, by reason of the obstruction, by the defendant, of the street and public park in front thereof. One of the defenses was the statute of limitations. The testatrix died May 29, 1874. The plaintiff was appointed executor August 12, 1874. The summons in this action was served August '21, 1880. The complaint was dismissed on the ground that the action was barred by the statute.
The complaint in form alleged a cause of action accruing in the testatrix’s life-time, for an injury to property, which would be barred in six years, by subdivision 3 of section 382 of the Code; and it was dismissed because the cause of action did not accrue within that time.
The appellant contends that section 9 of article 1, of title 3, of chapter 8, of part 3, of the Revised Statutes, (2 Edm. 467 ; 3 Banks' 6th ed. 733), which is as follows : “ The time which shall have elapsed between the death of any person and the granting of letters testamentary, or of administration, on his estate, not exceeding six months, and the period of six months after the granting of such letters, shall not be deemed any *343 part of the time limited, by the law, for the commencement of actions by executors or administrators, ’ ’ applies to this case ; and that, therefore, the time from May 29, when the testatrix died, to August 12, when the plaintiff was appointed executor (nearly three months), and six months after the plaintiff’s appointment, ought to have been excluded in determining the length of time the statute had run ; and, so, that the action was brought nearly nine months before the statute had run out.
The respondent contends that the provision of the Revised Statutes, quoted, was repealed by implication by section 102 of the old Code of Procedure (of which § 402 of the new Code is a re-enactment), which is as follows : “If a person entitled to bring an action, die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of that time, and within one year from his death.”
The decision of the case requires the determination of two questions : (1.) Was the provision of the Revised Statutes quoted alive and in force at the time the new Code. went into effect ? (2.) Has the provision been repealed, either directly or by implication, since the new Code went into effect, so far as relates to causes of action which accrued before that time ?
1. The provision of the Revised Statutes was not expressly repealed by the Code of 1848. Section 73 of the Code, as originally enacted, repealed the provisions of the Revised Statutes, “ Of actions and the times of commencing them” (ch. 1 ; tit. 2, of ch. 4, of tit. 2, pc. 3, 2 Edm. 303); but section 9, above quoted, was not included within that chapter, but within the chapter relating to “suits by and against executors ”(2 Edm. 467). And while section 74 of the old Code, provides that “ civil actions can only be commenced within the *344 periods prescribed in this title after the cause of action shall have accrued,” it expressly excepts “ where in special cases a different limitation is prescribed by statute.”
By section 71 of the old Code (being section 390 of 1848), it was provided ... 2. This act shall not affect . . . any existing statutory provisions relating to actions, not inconsistent with this act, and in substance applicable to the actions hereby provided, nor any proceedings provided for by . . . chapter 8 of the third part of the Revised Statutes, except that when in consequence of any such proceeding, a civil action shall be brought, such action shall be conducted in conformity to this act; and, except, also, that where any- particular provision of the titles and chapters enumerated in this section, shall be plainly inconsistent with this act, such provision shall be deemed repealed.”
That part of section 102, of the old Code, above quoted, was a re-enactment and in the same words of section 26, of chapter four, of part three, of the Revised Statutes.
That section and section 9, of chapter 8, of part 3, were both in the Revised Statutes of 1828. Both will be found in all editions of the Revised Statutes from 1828, until the enactment of the Code, when its provisions were substituted for those of chapter 4. The coexistence of these provisions would seem to indicate that the Revisers did not regard them as inconsistent; certainly not so much as that the re-enactment of the one would operate by implication to repeal the other.
Chapter 8, part 3, of the Revised Statutes, is entitled “of proceedings in special cases,” and therefore might well be considered to be included in the exception mentioned in section 74, of the old Code, “where in special cases a different limitation is prescribed by statute.”
*345 In all the cases which I have seen, decided after the Code of 1848 went into operation, it was either directly-held, or assumed, that the provisions of chapter 8, of part 3 of the Revised Statutes, relating to “ suits by and against executors, ’’were still in. force, notwithstanding the Code made a different provision on the same subject (Coddington v. Carnley, 2 Hilt. 528; Bucklin v. Ford, 5 Barb. 393; Parker v. Jackson, 16 Id. 33 ; Scovil v. Scovil, 45 Id. 517 ; Chenango Bridge Co. v. Lewis, 63 Id. 111, 117; Sanford v. Sanford, 62 N. Y. 553).
In the last case cited, the provisions of the Revised Statutes as to actions against executors (being section' 8, immediately preceding that in relation to actions by executors, now under discussion), reading as follows : “The term of eighteen months after the death of any testator, or intestate, shall not be deemed any part of the time limited by law for the commencement of actions against his executors or administrators,” was under consideration, and it was assumed that the provision was not repealed by section 102 of the Code; though the amendment of 1849 added to section 102 this provision : “If a person against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his executor or administrator after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.” Judge Allen, writing the unanimous opinion of the court, assumed that the plaintiff was entitled to the benefit of the provisions of both the Revised - Statutes and the Code. He says: “ These provisions extend the time for bringing actions under peculiar circumstances for nearly two years and a half.” There certainly was as much reason for holding that the latter part of section 102 of the Code, repealed by implication section 8, of chapter 8, of part *346 3 of the Revised Statutes (2 R. S. 448), as for holding that the first part of section 102 repealed by implication section 9, of chapter 8, of part 3. It is undoubtedly true that section 102 of the old Code makes a different provision on the same subject. That is equally true as to part of the section added in 1849. The provision, however, only relates to cases where a person entitled to bring the action dies in the last year of the running of the statute of limitations, whereas, the provision of the Revised Statutes under consideration, relates to all cases where a person entitled to bring an action dies at any time before the statute has run out. It is not possible to conceive of a case to which both provisions could be practically applied. Whatever we might think if the question were a new one, the weight of authority is that at the time of the adoption of the new Code, the provision of the Revised Statutes under discussion had not been repealed directly or by implication.
2. Nor was that provision directly repealed by the new Code. It was repealed by the general repealing act (ch. 245 of 1880, sub. 3, of sec. 1). But the repealing act did not go into effect until September 1, 1880. This action was begun August 21,1880 ; and subdivision 1 of section 3, of the repealing act, provided that it “should not render ineffectual, or otherwise impair any proceeding in an action or special proceeding had or taken pursuant to law before the act took effect; ” and subdivision 2, that it “ should not affect any lawful act done or right, defense or limitation lawfully accrued or established before the act took effect.” And, so, it is clear that the general repealing act did not retroact so as to affect this case.
The repealing act was passed for the purpose of setting at rest all doubt as to what statutes were repealed bj^ implication by the new Code. But, while this was the purpose, it was not retractive in its effect, and *347 •could not force a rule of interpretation which, without it, could not have obtained. Unless, then, the section of the Revised Statutes under consideration was repealed by implication by the provisions of the new 'Code, it was alive and in force at the time this action was begun, and the plaintiff was entitled to the benefit of its provisions. Section 102 of the old Code is reenacted in section 402, of the new, without the variation of a word.
Section 414, of the new Code, is: “ The provisions of this chapter apply and constitute the only rule of limitation applicable to a civil action or special proceeding, except in one of the following cases : (1) A case where a different limitation is specially prescribed by law. ...”
It will be observed that this language differs very little from that of section 74 of the old Code, that ‘ ‘ civil actions can only be commenced within the periods prescribed in this title after the cause of action shall have accrued,” except “ . . . where, in special cases, a •different limitation is prescribed by statute.”
' The provision of the new Code (§ 402) is, as I have said, identical with section 102 of the old Code. If it did not operate to repeal the provision of the Revised Statutes in question, by substituting a different rule on' the same subject, while it was a part of the old Code, it can scarcely be said that it has any greater effect in the new ; and the language of section 74, in the old Code, “ civil actions can only be commenced within the periods prescribed in this title,” is certainly as strong as the words, ‘‘ the provisions of this chapter apply and constitute the only limitation applicable," etc., in section 414, of the new Code. So the exception made by section 74, of the old Code, “ where, in special cases, a different limitation is specially prescribed by statute,” is so like the exception of section 414, of the new Code, a case where a different limitation is specially pre *348 scribed by law,” that I can see no reason why the rules of construction, which were uniformly adopted and applied to the old Code, should not be ‘-adopted and applied to the new.
Inasmuch as the Revised Statutes themselves entitle that part, wherein the provision under discussion is contained, “ Of proceedings in special cases,” it seems to me to require no straining to denominate the case at bar a special one, in which a limitation is prescribed or permitted different from that applicable to ordinary actions. Indeed, in his note to section 414, Mr. Throop mentions, as intended to be covered by the exception, certain cases which are no more entitled to the protection of the exception than the one now before us.
If this whole matter were entirely new, and a section like 402, of the new, and 102, of the old Code, were to be passed, I should be strongly inclined to hold that it operated to repeal, by implication, such a provision as that contained in the Revised Statutes, for, while the latter provision is in force, the provision of the Code is practically useless. But, in view of the history of the subject, and the uniform course of the decisions, I do not think we are at liberty to adopt that view when we remember the great repugnancy of the law to repeal by implication.
The judgment should be reversed, and a new trial ordered, with costs to abide the event.