ABRAHAM H. COHEN, AS ADMINISTRATOR OF ABRAHAM COHEN, DECEASED, RESPONDENT, *v.* ISIDORE HYMES AND ANOTHER, APPELLANTS.

*Statute of limitations — action for an accounting by the administrator of a deceased partner — the statute begins to run when an administrator is appointed — payment.*

In 1865 a partner in a firm died. In 1889 an administrator of his estate was appointed, who thereupon brought an action against the surviving partners for an accounting.

*Held*, that the action was not barred by the statute of limitations.

That such an action was not one "to recover personal property taken after the death of a testator or intestate," and that, therefore, the provision of section 392 of the Code of Civil Procedure, declaring that in such a case the letters "are deemed to have been issued within six years after the death of the testator or intestate" had no application.

That the statute of limitations could not run against an action for an accounting until there was a person *in esse* to bring it.

*Semble,* that the surviving members of a firm do not become, by the death of their copartner, trustees of his share of the firm assets for his legal representatives.

That where it appeared that the survivors had made a payment out of the firm assets to a daughter of the deceased, which payment they termed a gratuity to her, they were still entitled upon an accounting to credit for the payment as one made on account of the interest of the deceased in the firm.

APPEAL by the defendants, Isidore Hymes and Julius Hymes, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 9th day of July, 1891, upon a recovery by the plaintiff of the sum of $41,440 and costs after a trial before a referee.

*Daniel G. Rollins*, for the appellants.

*B. F. Einstein*, for the respondent.

O'Brien, J. :

The action was commenced on the 30th of November, 1889, and seeks an accounting from the defendants as surviving partners of plaintiff's intestate, who died on the 28th of July, 1865.

The plaintiff was appointed administrator of his estate on the 28th day of July, 1889, and thereafter brought this action. It is admitted by the pleadings that the defendants and one Abraham Cohen, plaintiff's intestate, were copartners in business in this city for some time prior to 1865, under the firm name of Hymes Bros. & Co. ; that the defendants have not paid over any money or property to the plaintiff as administrator, and though they deny that no account was rendered, the evidence shows that they refused to render an account, and they neither claim nor prove that they ever rendered an account to plaintiff or to anyone else.

The plaintiff insists that the intestate was entitled to an interest in the firm equal to one-third of the assets, and upon the trial the defendants relied for their defense upon the contention that at the time of the death of Mr. Cohen the partnership had no surplus ; that the liabilities were equal to, if they did not exceed, the assets ; that, therefore, the intestate was not entitled to anything, and that his only interest in the firm was to the extent of one-third of the net profits which had already been withdrawn prior to his death, except some small amount which thereafter had been paid over to his widow and used for her support and that of the plaintiff.

It is unnecessary for us to recite all the evidence upon which the judgment is supported. As said, the copartnership was admitted, and considering the number of years that have elapsed, and the difficulty, if not impossibility, of giving better evidence, the plaintiff made out a sufficient *prima facie* case, which, in the absence of rebutting testimony and the unexplained absence of the books of the defendants, justified the conclusions of the referee.

It may well be that the testimony of the plaintiff was not as strong or satisfactory as we could wish, but, under the circumstances, it was all that could be expected after the lapse of years

and the situation of the plaintiff and those whom he represented. There was sufficient to call out from the defendants the best evidence in their possession to rebut the inferences which naturally arose from such testimony as the plaintiff was able to produce. To support plaintiff's theory as to the amount which actually stood to the credit of the intestate at the time of his death, we have the payment by the defendants of $4,000 to the daughter of the intestate, the letter written by one of the defendants, Isidore Hymes, to the plaintiff, the efforts made to obtain from the plaintiff a release, and these, supplemented by the testimony of three different witnesses, were sufficient to justify the conclusion reached by the referee as to the amount and value of the intestate's interest in the firm at the time of his death. There remains, however, two questions upon which reliance has been placed upon this appeal.

The first and most serious relates to the defense interposed of the statute of limitations. It is insisted that section 392 of the Code of Civil Procedure applies, and that in accordance therewith, although letters were not, in fact, issued to the plaintiff until the 20th day of October, 1889, these must be deemed, for the purpose of computing the time in connection with the statute of limitations, to have been issued within six years after the death of the intestate, that is, as early as the 26th day of July, 1871, after which date more than eighteen years had elapsed before the commencement of this action.

Section 392 of the Code reads as follows: "For the purpose of computing the time within which an action must be commenced in a court of the State by an executor or administrator to recover personal property taken after the death of a testator or intestate, and before the issuing of letters testamentary or letters of administration, or to recover damages for taking, detaining or injuring personal property within the same period, the letters are deemed to have been issued within six years after the death of the testator or intestate."

Prior to the enactment of this section of the Code the authorities in this State, following the case of *Bucklin* v. *Ford* (5 Barb., 393), held that the action could not be maintained until there is a person in being capable of suing.

As stated in *Sanford* v. *Sanford* (62 N. Y., 554), the term "The cause of action includes not only the right proper, but the

existence of a person by or against whom process can issue. A cause of action cannot accrue or exist unless there is a person *in esse* against whom an action can be brought and the right of action enforced." There is ample authority, therefore, for the proposition that, prior to the enactment of section 392 of the Code, the statute of limitations commenced to run only from the grant of letters. It is insisted, however, that this section has produced a change, and under it the action is barred.

It remains, therefore, to consider whether the section applies to an action such as this brought by the representatives of a deceased within two years after letters were granted, but more than eighteen years after the six years from the death of the intestate, which is the period fixed by section 392 for the purpose of computing the time in cases falling within that section, as shown by the reviser's notes. (See Throop's Code, § 392) The purpose undoubtedly was of limiting the operation of the rule laid down in *Bucklin* v. *Ford* (*supra*). As therein said : " It is well known that where there is no will, and the property left by a decedent is small in amount, the surviving relatives, especially in the rural districts, frequently distribute the effects by mutual agreement, without incurring the expense and trouble of procuring administration. Generally such distribution is made upon equitable principles, and the section is so framed as to save the few cases where the statute of limitations should not cure the irregularity."

I think it reasonably free from doubt, upon reading the reviser's notes and the language of the section itself, that while it is true that it limits the rule as laid down in the case of *Bucklin* v. *Ford*, it does not go to the extent of barring a right of action such as the one here involved. The section has reference to actions, as its language clearly indicates, " to recover personal property taken after the death of a testator or intestate, and before the issuing of letters testamentary." Thus actions in regard to real estate and other actions, except to recover personal property, or to recover damages for its taking, are left in the same position as they were prior to the Code. The section evidently has reference to tangible personal property, which has been taken by some one after the death of a testator or intestate. We do not assent to the view that the sur-

viving partners were trustees for the representatives of the deceased partner, and that, therefore, the statute would not apply.

In *Williams* v. *Whedon* (109 N. Y., 333) it was said that "the surviving members of the firm become the legal owners of its assets by virtue of their survivorship. * * * The survivors do not take such assets as trustees." However, it is unnecessary for us, in order to hold that section 392 does not apply, to conclude that the surviving partners are trustees. As we have already said, prior to the enactment of that section, under the authorities in this State, the time when the statute would commence to run would be determined by the grant of letters, and that inasmuch as "the section referred to had reference only to actions to recover tangible personal property, or to recover damages for the taking thereof or injury thereto, it does not cover an action like the present, brought by the representatives of a deceased person to obtain an accounting from the surviving partners, which in its nature is a chose in action. It should be noticed, moreover, that the answer here claims that the six years' limitation applies; and inasmuch, even if the statute of limitations applied at all, as an action such as this would be covered by the ten years' limitation, it was not properly pleaded.

The only remaining question relates to the amount paid to the daughter of the intestate, which it is insisted should have been allowed the defendants as a credit. The receipt of the $4,000 is admitted. The respondents insist that because the defendants denied any indebtedness, and asserted that the money was paid to the daughter as a gratuity, they should not now be allowed a credit therefor as a payment upon account of an indebtedness, which they denied. It seems to us, however, that the plaintiff should be held bound by the admission of payment which his own evidence contains. The testimony to the effect that certain moneys were to be paid to the daughter, on her marriage, was received for the purpose of showing that the defendants were discharging a legal obligation, and the plaintiff should be held to the position that these moneys were so paid. In *Ledyard* v. *Bull* (119 N. Y., 62), EARL, J., says: "After the death of his father, Henry R. Worthington undertook, with the assent of his sisters, the only next of kin, to administer upon his estate. He stated an account and distributed the balance, and each of his sisters took and had her share. Although

all this was done without letters of administration upon his father's estate, so far as it went it was binding upon the next of kin. They were the persons beneficially interested in the estate, and they could not take their respective shares in the estate, and then, through administration, claim and obtain a new distribution, and thus duplicate their shares. In the absence of creditors, an administrator is a mere trustee for the next of kin charged with the sole duty to collect, convert and distribute the estate among the beneficiaries according to their respective interests."

We are of opinion, therefore, that the daughter having an interest in this estate to the extent of one-third, and having been paid $4,000 on account thereof, the same, together with interest thereon, should have been deducted from the amount of the recovery, and hereafter it may be charged by the administrator against the amount given to the said daughter. As so modified, we think the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and LAWRENCE, J., concurred in result.

Judgment modified as directed by opinion, and as modified affirmed, with costs.