HAYDON, RESPONDENT, *v.* NORMANDIN, APPELLANT.

(No. 3,961.)

(Submitted January 11, 1919.   Decided March 8, 1919.)

[179 Pac. 460.]

*Estates of Deceased Persons—Personal Property—Conversion— Actions—Statutes and Statutory Construction—Posthumous Children—Rights and Remedies.*

Estates of Deceased Persons—Posthumous Children—Rights and Remedies.
    1.   For the purpose of defining the civil rights and remedies of a child unborn at the time of the death of its father, it is deemed to have been then living, and therefore enjoys all the rights of inheritance conferred upon a living person.

Same—Intestacy—Right of Heirs to Property.
    2.   Upon the death of an intestate his property passes immediately to his heirs, subject to the control of the probate court for the purpose of administration.

Statutory Construction—History—Arrangement in Code—Effect.
    3.   The history of a statute, as well as its arrangement under a proper heading in the Codes upon its adoption from another state, is some evidence of the purpose of the legislature in enacting it.

Same—Adoption of Act from Other State—Rule.
    4.   Where a statute is adopted from another state after construction by its highest court, the construction thus placed upon it is adopted with it.

    [As to construction of adopted statutes, see note in Ann. Cas. 1917B, 651.]

Estates of Deceased Persons — Personal Property—Conversion—Right of
  Action in Heir.
  5.  *Held,* that section 6462, Revised Codes, authorizing an heir, who
      at the time of a wrongful conversion of personal property of his
      testator or intestate was laboring under a disability, to bring his action
      for damages within five years after the cessation of such disability,
      acts on the remedy only and does not create a new cause of action
      nor operate retroactively.

*Appeal from District Court, Powell County; Geo. B. Winston,
Judge.*

ACTION by Agnes Haydon against Marie Normandin, as
executrix of the last will and testament of Peter Nor-
mandin, deceased. Judgment for plaintiff. Defendant appeals.
Affirmed.

*Mr. H. W. Rodgers* and *Mr. S. P. Wilson,* for Appellant, sub-
mitted a brief, and argued the cause orally.

If a statute creates a new right of action (as does section 6462,
Revised Codes), it cannot possibly apply to actions accruing
before its enactment. (*Keeley* v. *Great Northern Ry. Co.,* 139
Wis. 448, 121 N. W. 167.) In the absence of section 6462
Revised Codes of Montana 1907, this action could not have been
brought by the next of kin of the intestate. (*Boley* v. *Gris-
wold,* 2 Mont. 447; *Galvin* v. *Mutual Savings Bank,* 6 Cal. App.
402, 92 Pac. 322; *Estate of Pina,* 112 Cal. 14, 44 Pac. 332;
*Hall* v. *Cowles' Estate,* 15 Colo. 343, 25 Pac. 705; *Pritchard*
v. *Norwood,* 155 Mass. 539, 30 N. E. 80; *Buchanan* v. *Buchanan,*
75 N. J. Eq. 274, 138 Am. St. Rep. 563, 20 Ann. Cas. 91, 22
L. R. A. (n. s.) 454, 71 Atl. 745.)

That portion of the above section giving a right of action of
next of kin where they would not have had such right of action
prior to the enactment of such statute, is prospective in its
operation and not retrospective. (*Bullard* v. *Smith,* 28 Mont.
387, 72 Pac. 761; *Bank of Ukiah* v. *Gibson,* 5 Cal. Unrep. 11,
39 Pac. 1069; *Stewart* v. *Vandervort,* 34 W. Va. 524, 12 L. R. A.
50, 12 S. E. 736; *Fowler* v. *Lewis' Admr.,* 36 W. Va. 112, 14
S. E. 447; *In re Pomeroy,* 33 Mont. 69, 81 Pac. 629; *Bucher*
v. *Fitchburg R. Co.,* 131 Mass. 156, 41 Am. Rep. 216; *Smith*

v. *Lyon*, 44 Conn. 175.) We do not know of any authority which would authorize a retroactive effect to a law giving a new cause of action, especially in the absence of any declaration or intention shown by the law that such law should be retrospective in effect.

*Mr. Elmer E. Hershey* and *Messrs. Scharnikow & Jordan*, for Respondent, submitted a brief; *Mr. Hershey* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On November 9, 1894, Charles Normandin died intestate in Deer Lodge (now Powell) county, leaving personal property of the alleged value of $4,800, and leaving, as his sole heirs at law, his wife and his daughter Agnes, then *en ventre sa mere*. There was never any administration of the estate, but a brother, Peter Normandin, immediately on the death of Charles, took possession of the property and converted it to his own use. On July 13, 1895, the daughter Agnes was born. In May, 1915, Peter Normandin died testate, and Marie Normandin was duly appointed and qualified as executrix of his last will and proceeded with the administration of his estate. In July, 1915, the daughter Agnes, then Agnes Haydon, presented to the executrix a claim for one-half the value of the property so converted. The claim was rejected and this action was commenced in September, 1915. From a judgment in favor of plaintiff, defendant appealed.

It is conceded by counsel for plaintiff that this action must be maintained, if at all, under and by virtue of the provisions of section 6462, Revised Codes, which section reads as follows: "Sec. 6462. For the purpose of computing the time within which an action must be commenced in a court of this state, by an executor or administrator, to recover personal property taken after the death of a testator or intestate, and before the issuing of letters testamentary or letters of administration; or to re-

cover damages for taking, detaining or injuring personal property within the same period, the letters are deemed to have been issued within five years after the death of the testator or intestate. But where an action is barred by this section any of the next of kin, legatees, or creditors, who, at the time of the transaction upon which it might have been founded, was within the age of majority, or insane, or imprisoned on a criminal charge, may, within five years after the cessation of such disability, maintain an action to recover damages by reason thereof, in which he may recover such sum, or the value of such property, as he would have received upon the final distribution of the estate, if an action had been seasonably commenced by the executor or administrator.'' The statute was first enacted in this state as a part of the Codes and became effective on July 1, 1895, about seven months after the conversion took place and a few days prior to the birth of this plaintiff.

For the purpose of defining her civil rights and remedies, [1] plaintiff is deemed to have been *living* at the time of her father's death, although she was not born until eight months thereafter. (Sec. 552, Probate Practice Act, Comp. Stats. 1887; sec. 4834, Rev. Codes.) She enjoyed all the rights of inheritance conferred upon any living person. (14 Cyc. 39; 14 [2] R. C. L. 216.) Since Charles Normandin died intestate, his property passed immediately upon his death to his wife and daughter, subject to the control of the probate court for the purposes of administration. (Sec. 532, Probate Practice Act, Comp. Stats. 1887.)

If section 6462 can be made applicable to a case of this character, then it must be conceded that plaintiff has brought herself within its provisions, since she labored under the disability of infancy until July, 1913.

Neither at common law nor under the statutes in force prior to July 1, 1895, could an heir at law maintain an action for the wrongful conversion of property belonging to the decedent. The right of action was in the personal representative who was entitled to the possession of the property for the purpose of

administration (secs. 127, 226 and 227, Probate Practice Act, Comp. Stats. 1887), and until there was a personal representative qualified to act, the statute of limitations did not commence to run. (25 Cyc. 1067.) But for section 6462 the plaintiff, upon reaching her majority, could have had an administrator appointed and an appropriate action prosecuted for the conversion of this property. With this statute in force, however, she was confronted with the fact, when she became of age, that although there never was an administrator of her father's estate, the law presumes that one was appointed within five years of his death, and any action which might have been prosecuted by a personal representative, was barred after seven years from November, 1894, or in November, 1901,—twelve years before she reached her majority.

It is the contention of appellant that section 6462 creates a new cause of action in favor of the heir; that it is this new right of action which plaintiff seeks to enforce in this instance; that the statute cannot be given retroactive effect, and, since the property was converted before the statute was enacted, this action cannot be maintained. That argument leads to the conclusion that although plaintiff was wrongfully deprived of her property, she is without recourse, solely because of the fact that during the seven years succeeding her father's death she was unfortunate enough to be an infant. It would be a reproach to the law to say that such a result could be consummated or that in enacting section 6462 the legislature ever intended such a consequence.

The history of the statute furnishes some evidence of its [3] purpose. Section 6462 is practically a literal copy of section 392 of the Code of Civil Procedure of New York. (Code Civ. Proc., New York, 1876, p. 72.) Prior to its enactment it was held that the statute of limitations did not commence to run until an administrator was appointed, no matter how long a period elapsed after the death of the intestate. (*Bucklin* v. *Ford*, 5 Barb. (N. Y.) 393.) The principle of that case was reiterated in *Sanford* v. *Sanford*, 62 N. Y. 553, de-

cided in 1875, and the following year section 392 was enacted. Later it came before the court for construction in *Cohen* v. *Hymes,* 64 Hun, 54, 18 N. Y. Supp. 571, and it was then held that its purpose undoubtedly was to limit the operation of the rule laid down in *Bucklin* v. *Ford.* In other words, the purpose of the statute was, by force of the presumption created, to fix definite points of time from which the statute of limitations would commence to run. It is to be observed, too, that section 392 is found in the New York Code as a part of Chapter IV, entitled "Limitation of the Time of Enforcing a Civil Remedy." When the section was adopted in our Code of Civil Procedure it was made a part of the statute of limitations under the title, "General Provisions as to the Time of Commencing Actions." This arrangement of the statutes is not a controlling consideration, but is indicative of the legislative intention.

Since the statute had been construed by the New York court [4] before its adoption here, it will be held that our legislature adopted the construction as well as the text (*Miller* v. *Miller,* 47 Mont. 150, 131 Pac. 23), and that the purpose of its enactment was not to create a new cause of action, but to fix distinct points of time from which the statute of limitations begins to run.

It is true that the statute authorizes a person who theretofore [5] labored under disability, to prosecute the action, but it does not create a new cause of action. The conversion by Peter Normandin gave rise to a cause of action in favor of the administrator of Charles Normandin's estate, but for the use and benefit, ultimately, of this plaintiff to the extent of her interest, and it is that same cause of action for that same interest which section 6462 authorizes this plaintiff to maintain. (*Berry* v. *Kansas City, Ft. S. & M. R. Co.,* 52 Kan. 759, 39 Am. St. Rep. 371, 34 Pac. 805.)

Our conclusion is that section 6462 operates on the remedy alone; that it does not create a new cause of action; that it does not operate retroactively, but that it affects rights of ac-

tion which might have been enforced at the time it took effect. It is remedial in character and its application to the facts of this case works no hardship on defendant. Peter Normandin acquired no vested right in plaintiff's property by converting it to his own use, and his estate is in no better position than he, to take advantage of his wrong. (36 Cyc. 1216.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.