In re STRODE'S ESTATE
DELANEY, Appellant, v. MELVIN et al., Respondents.
No. 8629
Submitted February 21, 1946. Decided March 30, 1946.
167 Pac. (2d) 579

Mr. H. C. Hall and Mr. Ed C. Alexander, both of Great Falls, and Mr. Duncan Gardner, of Glendale, Cal., for appellant.

Mr. Max P. Kuhr, of Havre, Me. E. J. McCabe, of Great Falls, Mr. Cedor Aronow, of Shelby, and Mr. Peter M. Rigg, of Chester, for respondents.

MR. JUSTICE MORRIS delivered the opinion of the court.

Thomas P. Strode of Whitlash, Liberty County, Montana, died testate September 28, 1943, leaving as his only heirs two married daughters, Eva I. Melvin of Great Falls, Montana, and Annie E. Delaney, wife of William M. Delaney of Glendale, California. The Delaneys have four children who are named as defendants in this action. The decedent left a substantial amount of real and personal property. Strode named his daughter Eva and the Union Bank & Trust Company of Helena, Montana, executors of his will. Except for a special bequest to his daughter Eva, the estate was left in equal parts to the two daughters, but the portion intended for the daughter Annie was devised and bequeathed to the Union Bank & Trust Company in trust in these terms:

"Third: I give, devise and bequeath all of the rest and residue of my estate, real, personal and mixed, wheresoever situated, as follows:

"II. An equal one-half share and interest therein (hereinafter designated and termed 'trust estate') to Union Bank and Trust Company, a Montana corporation, of Helena, Montana (hereinafter referred to as 'Trustee') in trust, as follows: The Trustee shall receive and collect the principal, income, rents, issues and profits of the Trust Estate, and, after the payments and deductions hereinafter mentioned, shall pay, accumulate, use or invest, hold, apply and distribute the same to or for the purposes hereinafter stated, or the use and benefit of the beneficiaries hereinafter named, and shall convey and transfer the corpus or principal of the 'trust estate' as hereinafter provided.

"After the payment of all such indebtedness against what is herein designated as Trust Estate, all of the net income therefrom shall be paid by the trustee, in annual or other convenient installments, to my daughter, Annie E. Delaney, now residing at Glendale, California, so long as her present husband shall be living. If my said daughter, Annie E. Delaney, shall survive her present husband, then, upon his death, the Trustee shall transfer, deliver and distribute the principal

or corpus of the Trust Estate to my said daughter, Annie E. Delaney, the same then to be hers absolutely and forever. In the event that my said daughter, Annie E. Delaney, shall not survive her present husband, then upon her death, the entire net income of the Trust Estate shall be paid by the Trustee, in annual or other convenient installments, to the children of my said daughter, Annie E. Delaney, then living, until the youngest of said children shall have arrived at the age of twenty-one years, and thereupon the Trustee shall transfer, deliver and distribute the principal or corpus of the Trust Estate to the then living children of my said daughter, Annie E. Delaney, share and share alike. Upon the death of any of the children of my said daughter, Annie E. Delaney, before the distribution of the principal or corpus of the Trust Estate (that is before the youngest of said children shall have arrived at the age of twenty-one years), such child's share of the net income of the Trust Estate shall go to augment the share apportionable to the others."

The daughter Annie, as plaintiff here, attacks the will as invalid and concludes her complaint with this prayer:

"Wherefore, petitioner prays that judgment be entered as follows:

"1. Ascertaining and declaring the rights of all persons in and to said Estate and all interests therein and to whom distribution thereof should be made;

"2. Adjudging that petitioner is one of the heirs at law of the decedent and, as such, entitled to have distributed to her, free and clear of the trust contained in the will of decedent, one-half of the residue of the estate of decedent;

"3. Adjudging that the trust contained in the will of decedent is void under the statutes of the State of Montana;

"4. For such other and further relief as to the Court may seem equitable, proper and just."

The court on its own motion appointed Peter M. Rigg, Esquire, counsel for the three minor children of Annie Delaney.

By written stipulation the cause was "submitted to the court upon the pleadings of the respective parties and all the court files, papers and records in said estate." Briefs were filed and after consideration the court made findings to the effect that Annie E. Delaney and Eva I. Melvin were the only living children of Thomas P. Strode, the testator, and his only heirs at law, declared the will in all respects valid and binding and ordered the distribution of the estate made in accordance with the terms thereof. Judgment was made and entered accordingly and the plaintiff appealed.

The three specifications of error are argued together under five subdivisions. Plaintiff's principal contention is that the trust set up by the Strode will "is a trust" to convey and is therefore invalid under the statutes of Montana." This contention is predicated upon the fact that our statutes on the two separate subjects of trusts and wills were all adopted from the statutes of California and that the highest court of that state in the two cases of In re Fair's Estate, 132 Cal. 523, 60 Pac. 442, and 64 Pac. 1000, 84 Am. St. Rep. 70, and later California decisions on the same subject following the rule laid down in the Fair Estate cases, construed the California statutes which we adopted, contrary to the holdings of the trial court in the case at bar. It will thus be seen that the alleged invalidity of the Strode will is not grounded upon the construction of Montana statutes by Montana courts but upon the construction by California courts of statutes that Montana "borrowed" from California. While this court has always shown high regard for the decisions of the Supreme Court of California, we have never blindly followed them. In this case, however, we will carefully consider the two Fair Estate cases and other California decisions which followed them. The first Fair Estate case, 60 Pac. 442, was decided February 26, 1900. By a four to three majority the Fair will was upheld; on rehearing the will was declared invalid by a four to three decision, one justice on the rehearing having reversed his former position. That case was followed by the California courts

in a number of subsequent cases involving substantially the same question. We have carefully reviewed and analyzed the two Fair Estate cases and are satisfied that the first decision is clearly sustained by the better reasoning; that all questions of law stated therein are forcefully presented and grounded on citations that represent the clear preponderance of authority, and we decline to follow the California rule for the reasons just stated, and for the further reasons, first, the rule laid down in the second Fair Estate case is in direct conflict with a number of our statutory provisions even though we adopted such statutes from California. Among these statutory provisions is section 7016, Revised Codes, California's Civil Code, sec. 1317: "A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible." This rule of the construction of wills as to the testator's intention is found in our earliest judicial history. Chief Justice Marshall expressed it in forceful language in the early case of Smith v. Bell, 6 Pet. 68, 74, 8 L. Ed. 322, as follows: "The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail * * *," and the Marshall expression harked back to the days of Blackstone. This rule has never been varied nor modified in this jurisdiction. Following along in the wake of and adding breadth and force to section 7016 is section 7017 which provides: "In cases of uncertainty arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations. Then we have section 7020 requiring all parts of a will "to be construed in relation to each other, so as, if possible, to form one consistent whole * * *." Further along in Chapter 78 of our Civil Code we have section 7022 which provides in effect that if any part of a will be ambiguous or doubtful it may be explained by reference to another

part thereof. Then section 7025 provides: "Of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy." Montana statutes were reviewed at length by the Circuit Court of Appeals of the Ninth Circuit in the recent case of Blacker v. Thatcher, 145 F. (2d) 255, 259, 158 A. L. R. 1; Id., 324 U. S. 848, 65 S. Ct. 686, 89 L. Ed. 630, where it is said:

"Numerous provisions dealing with the interpretation of wills are contained in the Montana statutes. Of two modes of interpretation, that is to be preferred which will prevent intestacy, either total or partial. The words of the instrument are to reeeive an interpretation which will give some effect to every expression rather than an interpretation which will render any of the expressions inoperative. The will is to be construed according to the intentions of the testator, so far as is possible to ascertain them. Words used in the instrument are to be taken in their ordinary and grammatical sense unless a clear intention to use them in another sense can be ascertained. In cases of uncertainty arising upon the face of the will, the testator's intention is to be ascertained from the words of the instrument, taking into view the circumstances under which it was made, exclusive of his oral declarations.

"These statutory rules are but declaratory of the general law. While fixed rules for the interpretation of writing afford helpful guides, they yield in cases of the construction of wills to the basic principle that the thing to be sought for and found, if possible, is the intention of the testator. The principle has not been better stated than in Colton v. Colton, 127 U. S. 300, 310, 8 S. Ct. 1164, 1168, 32 L. Ed. 138: 'The object, therefore, of a judicial interpretation of a will is to ascertain the intention of the testator, according to the meaning of the words he has used, deduced from a consideration of the whole instrument and a comparison of its various parts in the light of the situation and circumstances which surrounded the testator when the instrument was framed.' "

In our view it is imposible to harmonize the California de-

cision in the second Fair case and those following it with our statute and the decisions of this court. See In re Murphy's Estate, 99 Mont. 114, 43 Pac. (2d) 233; In re Noyes' Estate, 40 Mont. 231, 247, 106 Pac. 355; Philbrick v. American Bank & Trust Co., 58 Mont. 376, 389, 193 Pac. 59; In re Spriggs' Estate, 70 Mont. 272, 276, 225 Pac. 617; In re Hauge's Estate, 92 Mont. 36, 44, 9 Pac. (2d) 1065, and many others. Our statutes relative to wills, our court decisions interpreting them, particularly as to upholding the intentions of the testator as such intentions are gathered from the language employed in the will, are in substantial accord and we prefer to adhere to the first Fair decision and reject the second and other California decisions following the rule laid down in the latter. In this conclusion we think we are in accord with not only our own statutes but likewise in accord with the law of today in California. But whether we are or not, we decline to apply to the construction of the Strode will the California decisions as urged by the plaintiff. In 1913 the legislature of that state amended their Civil Code section numbered 857 (our 6787) by adding an additional subdivision numbered 5 to the section, which reads:

"5. To convey, partition, divide, distribute or allot real property in accordance with the instrument creating the trust, subject to the limitations of the same title."

We think this amendment to the Califronia statute is an unequivocal legislative repudiation of the rule laid down in the second Fair decision, supra, as to the right of testamentary trustees to convey real estate in accordance with the express direction of the testator. True the Supreme Court of California subsequent to the 1913 amendment to its Civil Code, sec. 857 followed the rule laid down in Re Estate of Fair, 132 Cal. 523, 60 Pac. 442, 64 Pac. 1000, 84 Am. St. Rep. 70 (In re Estate of Willson, 171 Cal. 449, 153 Pac. 927, 928) but while adhering to that rule said: "While the court has subsequently declared that the decision in the Fair case should not be extended to cases where words could be found in the will con-

stituting. a disposition of the property to the beneficiaries of the trust without aid from the conveyance to be made by the trustees, it has consistently adhered to the proposition that a devise of property in trust to be conveyed by the trustees to beneficiaries named, is forbidden by law and is void." We decline to follow decisions which appear to us to be so clearly contrary to our statutory provisions and nullify the old established rule that in giving effect to a will the intention of the testator shall prevail. It might be said, however, that the legislature of Montana has not enacted any such amendment to our section 6787 which, as before stated, was adopted from California's section 857 and under the rule that when a statute is adopted from another state the construction of the adopted statute by the highest court of the state from whence it is taken is likewise adopted along with the statute; Mares v. Mares, 60 Mont. 36, 199 Pac. 267; Haydon v. Normandin, 55 Mont. 539, 179 Pac. 460. It must be remembered, however, that we adopted section 6787, Revised Codes, from California before the Supreme Court had laid down the rule in the second Fair case, and, as was well said by counsel for the defendant, had the second Fair Estate decision been rendered prior to our adoption of the California statute, we would in all probability have declined to adopt it unless qualified. Furthermore, this court said in the case of Ancient Order of Hibernians v. Sparrow, 29 Mont. 132, 74 Pac. 197, 198, 64 L. R. A. 128, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, speaking through the same justice who wrote the opinion in Haydon v. Normandin, supra, after repeating what had theretofore been said as to adopting the construction of a statute along with a statute taken from another state, "However, this court will not blindly follow the construction given a particular statute by the court of a state from which we borrowed it, when the decision does not appeal to us as founded on right reasoning." This court has adhered to the rule announced in the Ancient Order of Hibernians case in a number of subsequent decisions: Esterly v. Broadway Garage Co., 87 Mont. 64, 285 Pac. 172; Leffek v.

Luedeman, 95 Mont. 457, 27 Pac. (2d) 511, 91 A. L. R. 286; In re Irvine's Estate, 114 Mont. 577, 139 Pac. (2d) 489, 147 A. L. R. 882; Grady v. City of Livingston, 115 Mont. 47, 141 Pac. (2d) 346. We think a review of our statutes on trusts, along with text writers on the same subject, will support the foregoing conclusions.

We have hereinbefore quoted our section 6787, Revised Codes, with its four subdivisions setting forth the purposes for which express trusts may be created. If we had heretofore amended this section by adding subdivision 5 thereto as California did to its section in 1913, all doubt, if any doubt justly exists, as to the validity of the clause of the Strode will relative to vesting power in a testamentary trustee to convey real estate would have been eliminated. But we are of the opinion that by reading all our statutory provisions relative to testamentary trusts together and construing them as a whole, as they must be, no reasonable doubt exists now as to the validity of the Strode will on the point under consideration. Section 6790, 6791 and 6797, Revised Codes, respectively provide:

"6790. Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust."

"6791. Notwithstanding anything contained in the last section, the author of a trust may, in its creation, prescribe to whom the real property to which the trust relates shall belong, in the event of the failure or termination of the trust, and may transfer or devise such property, subject to the execution of the trust."

"6797. When the purpose for which an express trust was created ceases, the estate of the trustee also ceases."

These three combined sections vest in the trustee the whole of Annie E. Delaney's interest in her father's estate "subject only to the execution of the trust." The testator named the trustee, devised and bequeathed to that trustee the title to

that portion of his estate that he desired to have his daughter Annie enjoy. But the title to the property so devised and bequeathed was made only that the trustee might carry into effect the intention of the testator. Such is the effect of section 6790 on the Strode will. Section 6791 says "the author of a trust may, in its creation, prescribe to whom the real property to which the trust relates shall belong, in the event of the failure or termination of the trust, and may transfer or devise such property, subject to the execution of the trust." Strode vested the title of his property in the trustee with directions to control the same and pay the income to his daughter Annie, and in case of her death before that of her husband the income should be paid to her four children and the corpus distributed to such children when they arrived at a certain age. The directions addressed to the trustee by the Strode will are in literal accord with sections 6790 and 6791, Revised Codes. Then after all the duties imposed upon the trustee by the will are done and performed, the title of the trustee to the property ceases as set forth in section 6797, Revised Codes. A strict compliance by the trustee with the provisions of the will as to the trust property will meet every requirement of the statutes. We find nothing in the will that conflicts with any provision of our laws, fairly construed, and we find nothing in "California Jurisprudence" with which any provision of the Strode will may be justly said to conflict. In 25 Cal. Jur. beginning at page 314, it is said: "Trustees, by definition are the custodians of the legal title of the trust property. In the case of a trust which is created by deed, title to the property vests in the trustees in accordance with the provisions of the instrument of conveyance; nor is any act of acceptance on the part of the beneficiary essential to a passing of the title. Where a trust is created by will, the legal title vests at the death of the testator; the decree of distribution of the estate operates merely to confirm such title in the trustees. Title to real estate vests in the trustees, notwithstanding a direction to convert the land into money. *While section 863 of the Civil*

*Code declares that the 'whole estate' is vested in the trustees, the quantum of the trustee's estate is only such as is requisite to the execution of the trust.* In accordance with the necessities of the case, they are held to take an estate in fee simple absolute, an estate for life, or an estate for years. *If the trustees are authorized to sell the property, the authority to sell necessarily imports power to convey the fee.* Where a will vests the fee in the beneficiary, subject to a trust for a limited period, the decree of distribution should dispose of the estates in conformity with the testator's intention, confirming in the beneficiary the title to the future estate."

Plaintiff in her brief admits that while the author of a trust estate such as the Strode will sets up has a right under section 6791, supra, to say to whom the real property shall belong, he may not provide in the trust that the trustee at the termination thereof shall convey the property. The Fair case is again cited to sustain that contention. Such contention, in our opinion, is in direct conflict with the meaning of section 6791. We think that section was intended to avoid just such an illogical construction as plaintiff contends for.

The testator had incorporated in his will a provision to the effect that if any part thereof was, for any reason, found to be invalid or unenforcible, such parts should not destroy other parts that were valid and enforcible. This provision is in accord with the rule applied in the case of In re Schmidt's Estate, 15 Mont. 117, 38 Pac. 547. We deem it unnecessary, however, to invoke that rule here.

As a final summary of the questions involved in this case, we have before us a will the provisions of which are expressed in language too clear to admit of any doubt as to the intentions of the testator and in terms that do not conflict with any of the provisions of our statutes or our Constitution.

The judgment is affirmed.

Mr. Chief Justice Johnson and Associate Justices Angstman and Cheadle, concur.

Mr. Justice Adair, concurs in the result but not in all that is said in the above opinion.