IN RE ESTATE OF GEORGE J. GASPAROVICH, DECEASED.

No. 11895.
Submitted June 18, 1971.
Decided August 10, 1971.
487 P.2d 1148.

MR. CHIEF JUSTICE JAMES T. HARRISON, did not participate.

Harrison, Loendorf & Poston, James T. Harrison, Jr. argued, Helena, for appellant.

Diana S. Dowling, Helena, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order denying admission of a purported holographic will. We have the benefit of only the ap-

pellant's brief with no appearance by any respondent. The trial court examined the offered document and determined that it did not express a testamentary intent and denied its admission to probate.

George J. Gasparovich died in Helena. We have only a partial transcript, so we will not recite any facts other than those pertinent to our decision. Two instruments, one dated March 22, 1954, and the other dated September 3, 1965, were presented to the court for admission to probate. Both were denied. The 1954 instrument was offered by appellant, Mrs. Henson.

The instrument presented by Mrs. Henson was testified to as being the handwriting of the deceased. It is as follows:

"#9041 Last Will & Testament

"Glasgow Mont
March, 22, 1954

"To Whom It may concern Katy Henson of Black Eagle Montana. Has All Legal Rights as a Will to Her. On any Transactions, Insurance, Money, Automobile and any of my personal belongings as I Authorized as a Legal Will to Her from Brother Geo J Gasparovich Dated—March 22, 1954."

The instrument dated September 3, 1965, mentioned above

and also rejected, was on a printed Affidavit of Annual Representation of Mining Claim and was in part handwritten in much the same vein as the one dated in 1954.

Appellant urges that the language of the 1954 instrument, particularly the two phrases—

"Katy Henson  *  *  *  has all legal rights as a will to her  *  *  *" and

"*  *  *  as I authorized as a legal will to her from Brother Geo. J. Gasparovich", indicate a testamentary intent. However, the trial court found that no testamentary disposition of the property is made. The trial court assumed that the document was signed and handwritten by Gasparovich, but ruled as a matter of law that it was not a will.

The entire thrust of the document is contained in the authorization to Katy Henson on any transactions, all related to personal property items. No dispositive intent appears; rather it is in the nature of a power of attorney. It contains no expressions of disposition other than the bare use of the word "will." Thus we conclude that the trial court was correct in denying probate.

Appellant urges the rules of a presumption against intestacy (section 91-210, R.C.M.1947) and that technical words are not necessary to give effect to a will (section 91-212, R.C.M. 1947). Then appellant states that Montana law evidences a desire to achieve a testator's intent and to stretch strict rules of interpretation, if necessary, citing In re Strode's Estate, 118 Mont. 540, 167 P.2d 579. We do not read *Strode's Estate* to stand for such a rule. No stretching of strict rules is ever necessary. Rather, if a testator's intent can be fairly found it should be carried out. But first, was Gasparovich a "testator" or was there "animus testandi"? No, in each case. The intent to dispose of property after death must be clear.

In the case of In re Van Voast's Estate, 127 Mont. 450, 454, 266 P.2d 377, 379, this Court said in part:

"The rule, which appeals to us as common sense, by which

the character of such an instrument as Cora Van Voast's letter is to be determined, is set out in Nichols v. Emery, 109 Cal. 323, 329, 41 P. 1089, 1091, wherein it is said: 'It is undoubtedly the general rule enunciated by the leading case of Habergham v. Vincent, 2 Ves.Jr. 231, and oft repeated, that the true test of the character of an instrument is not the testator's realization that it is a *will*, but his intention to create a revocable disposition of his property, to accrue and take effect only upon his death, and passing no present interest.' "

Here, Gasparovich's letter does not show an intention to create a revocable disposition of his property to accrue and take effect only upon his death, and passing no present interest. On the contrary it does authorize, presently, Katy Henson to do all transactions concerning personal property matters.

Accordingly, the district court's order denying probate is affirmed.

MR. JUSTICES DALY, HASWELL and JOHN C. HARRISON, concur.

MR. CHIEF JUSTICE JAMES T. HARRISON, deeming himself disqualified took no part in this opinion.