its decisions, as to the persons to be affected, and as to the course of proceedings prescribed for it by law, its decisions are binding and conclusive upon all parties interested. The replication was adjudged bad in substance, no fraud being charged in obtaining the settlement of account and discharge. See, also, *Clark* v. *Callaghan*, 2 Watts, 259; *Bryant* v. *Allen*, 6 N. H. 116; *Estate of Stott*, 52 Cal. 403; *Graff* v. *Mesmer*, 52 Cal. 636.

We are of opinion that Brumagim and all persons (not under disability) interested in the estate, had their day in court when the account was rendered and came on for settlement, and that the settlement thereof is conclusive, and that plaintiff cannot maintain this action.

We are asked to reverse the judgment because there are no findings. There are two answers to this, viz: 1st. It does not appear from the transcript that findings were not waived; 2nd. A nonsuit having been granted, findings were not necessary.

Judgment and order affirmed.

MORRISON, C. J., SHARPSTEIN, J., and THORNTON, J., concurred.

---

[No. 6,408.]

## SULLIVAN *v.* HENDRICKSON ET AL.

HOMESTEAD. — A judgment obtained after the filing of a declaration of homestead cannot be enforced against the homestead, although an attachment may have been levied upon the premises before the filing of the declaration. Affirming *Harris* v. *McCracken*, 54 Cal. 81.

APPEAL from an order refusing to grant an injunction, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

*W. A. Plunket*, for Appellant.

The controlling question in this case is, whether premises invested with the character of a homestead before judgment, but after the levy of an attachment thereon, are subject to execu-

tion or forced sale where the judgment is not obtained in any of
the cases mentioned in Civil Code, § 1241.

By Civil Code, § 1240, the homestead is exempt from execu-
tion or forced sale except as otherwise provided in the same
title.  The exceptions are contained in Civil Code, § 1241, and
the case of respondents does not come under any of them.  By
Civil Code, § 1265, it is expressly provided that, except in the
cases above specified, the homestead " *in no case* " shall be lia-
ble for the debts of the owner.

The judgment cannot be a lien upon the homestead.  The
statute provides that it shall become a lien only on property not
exempt from execution.  (*Ackley* v. *Chamberlain*, 16 Cal.
181–3; *Bowman* v. *Norton*, Id. 220; Civil Code, § 1241.)  A
judgment does not relate back to the date of the attachment,
where a declaration of homestead is filed after the attachment,
but before the judgment.  (Smythe's Homesteads and Exemp-
tions, p. 178, § 198; *Hawthorne* v. *Smith*, 3 Nev. 185; Civil
Code, §§ 1240–1241, 1265; *McCracken* v. *Harris*, 54 Cal. 81.)
In Mississippi it has been decided that premises liable to sale *at
the date* of the judgment can be impressed with the rights of a
homestead before levy or sale.  (*Trotter* v. *Dobbs et ux.* 38
Miss. 198; *Lesley* v. *Phipps*, 49 Id. 790.)  *A fortiori*, property
can be impressed with the character of a homestead *before judg-
ment*, as in this case.  The Constitution seems to empower the
Legislature to authorize a declaration of homestead to be made
at any time before sale.  (Const. [old] art. xi, § 15.)

*T. F. Bachelder*, for Respondent.

Department No. 2, by the COURT (from the Bench):

In this case, the order of the Court below is reversed, and
cause remanded, on the authority of the opinion of this Court,
filed December 31st, 1879, in *McCracken* v. *Harris*, 54 Cal. 81.