---

[No. 8,764. Department One.—February 26, 1885.]
JAMES JONES ET AL., RESPONDENTS, v. ANTHONY WADDY ET AL., APPELLANTS.

HOMESTEAD—DECLARATION OF—HEAD OF FAMILY.—A declaration of homestead need not contain a statement of facts showing the declarant to be the head of a family. A statement that the declarant is the head of a family is sufficient.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Action for an injunction. The facts are sufficiently stated in the opinion of the court.

*W. C. Burnett*, and *B. B. Newman*, for Appellants.

*William Barber*, for Respondents.

McKEE, J.—The only question in this case relates to the sufficiency of the declaration of homestead, upon which the court below adjudged that the land in dispute was exempt from execution, levy and sale, and enjoined the defendant from selling it under an execution issued upon a money judgment, which had been recovered in the year 1882, against the plaintiff, James Jones.

It appears that on the 14th of April, 1880, the plaintiff James, being then the husband of Julia Jones, his co-plaintiff, selected the land in dispute as a homestead, by a declaration of homestead, which he executed, acknowledged, and had recorded, as required in section 1262 of the Civil Code. The statement in the declaration is as follows: " I, James Jones, do hereby certify, make known, and declare that I am the head of a family, that I am residing with my family on the premises hereinafter described, and that I claim said premises, with the dwelling house thereon, as a homestead." This statement is followed by a correct description of the premises, and an estimate of their actual cash value.

Objection was made, that the declaration did not contain a sufficient statement of facts showing the declarant to be the head of a family, and that is the question argued on the appeal.

A statement of such facts was not required by the law under which the declaration was executed. It *was required* by section 1263 of the Civil Code; before the section was amended in the year 1874. By the original section it was provided:

" The declaration of homestead must contain:

" A *statement of the facts* that show the person making it to be the head of a family."

But in that particular the section was amended in 1874, so as to read as follows:

" The declaration of homestead must contain:

" A statement showing that the person making it is the head of a family."

From the phraseology of the amendment, it is manifest that the legislature intended to dispense with " a statement of the facts," in a declaration from which the ultimate fact might be judicially inferred, and to require instead a simple statement or recital of the ultimate fact.

Under the law as amended, the homestead in this case was selected, and the declaration, "I am the head of a family," is the statement of a fact; and the fact, in connection with the other facts, which are admitted to be sufficiently stated, shows that the declarant was, at the time of making the declaration, qualified, according to the homestead law, to make the selection of the homestead, and that the land selected possessed the statutory qualities for that purpose.

In all essentials the declaration of homestead conformed to the requirements of the law under which it was made ; it was, therefore, legally sufficient.

Judgment affirmed.

McKINSTRY, J., and Ross, J., concurred.