MILLER, RESPONDENT, *v.* MILLER ET AL., APPELLANTS.

(No. 3,231.)

(Submitted March 18, 1913. Decided March 26, 1913.)

[131 Pac. 23.]

*Justices' Courts — Judgments — Presumptions — Jurisdictional*
*Facts—Proof—Pleading Judgment as "Duly Given or Made"*
*—Burden of Proof—Adoption of Statutes from Other State—*
*Construction.*

Justices' Courts—Judgment—Validity—Proof of Jurisdictional Facts
Necessary—Presumptions.
1. In an action to quiet title, defendant relied upon a sheriff's deed
to the property which had been sold on execution issued under a judg-
ment alleged to have been "duly given and made" in a justice's court;
the docket of the justice, entries in which are made *prima facie* evi-
dence of the facts stated therein by section 7071, Revised Codes, having
been lost and proof of its contents found not available, defendant
introduced an abstract of the judgment filed with the clerk of the
district court pursuant to section 7057, as *prima facie* evidence of the
validity of the judgment. *Held,* under the rule that justices' courts
being courts of limited jurisdiction, the legal presumptions which may
be indulged in favor of judgments of courts of record have no applica-
tion to them, but that the jurisdictional facts must be made to appear
affirmatively, and the abstract not being made evidence of any fact
by statute, defendant failed to prove the validity of the judgment.

Statutes—Adoption from Other States—Construction.
2. Adoption of a statute from another state after construction by
its highest court carries with it the construction thus placed upon it.

Judgments—Pleading—"Duly Given or Made"—Burden of Proof.
3. While under section 6571, Revised Codes, a party may plead a
judgment by the abbreviated allegation that it has been "duly given
or made," he is not thereby relieved of the burden of proving juris-
dictional facts if the allegation is controverted.

*Appeal from District Court, Missoula County; F. C. Webster,*
*Judge.*

SUIT by John S. Miller against F. L. Miller and the Chicago,
Milwaukee and Puget Sound Railway Company. Judgment for
plaintiff and defendants appeal. Affirmed.

*Mr. Harry H. Parsons,* and *Mr. Henry C. Stiff,* for Appellants,
submitted a brief.

In behalf of Respondent, *Messrs. H. G. & S. H. McIntire* sub-
mitted a brief; oral argument by *Mr. S. H. McIntire.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This suit was brought to quiet title to certain real estate in Missoula county. The complaint is brief and sets forth the fact that the plaintiff is the owner of the land (describing it), that each of the defendants claims some interest adverse to the plaintiff, and that such claims are without foundation or right. The defendant Miller by separate answer admitted that the plaintiff was the owner in fee of the land in question on or prior to February 6, 1904. He then alleged that in December, 1903, a judgment was duly "given and made" in the court of the justice of the peace of Hell Gate township, Missoula county, in favor of H. H. Marsh and against John S. Miller, this plaintiff; that thereafter an abstract of the judgment was filed in the office of the clerk of the district court of Missoula county and the judgment duly docketed; that on February 6, 1904, execution was issued and levied upon the land above mentioned, and on March 1, the property was sold at sheriff's sale to Marsh, the judgment creditor, and a certificate of sale issued to him; that the property was not redeemed from the sale, and after the lapse of more than a year the sheriff executed and delivered to Marsh a deed for the property; that in December, 1908, Marsh sold and conveyed the property to defendant F. L. Miller, and thereafter defendant Miller sold and conveyed to the defendant railway company a strip of the ground for right of way. The separate answer of the railway company is to all intents and purposes the same as that of its codefendant Miller. The affirmative allegations in each answer were put in issue by reply. Upon the trial of the cause the district court ruled that the defendants had the burden of proof, and this ruling was accepted without objection. Evidence was offered from which it appeared that the docket of the justice in use at the time the case of *Marsh* v. *Miller* was in court had been lost or destroyed. An attempt was made to prove the contents in so far as they related to the case of *Marsh* v. *Miller,* but without success. The only witness called for that purpose was unable to remember what entries appeared

in the docket. Counsel for defendants then offered in evidence the abstract of the judgment which had been filed in the office of the clerk of the district court, and certain other evidence, and rested. The trial court found the issues for the plaintiff, and judgment was rendered and entered. It is from that judgment and from an order denying them a new trial that defendants appealed.

In their brief counsel for appellants say: "There is in fact but one really important question in this case, and that is: What [1] effect is to be given to what is designated as 'Defendants' Exhibit A,' being the 'abstract of judgment,' given by the justice of the peace and filed in the office of the clerk of the district court?" They then state their position very succinctly as follows: "The contention of counsel for appellants was and is that, as the abstract of judgment was in conformity with the provisions of sections 7056 and 7057, Revised Codes of Montana, it should be regarded as at least *prima facie* evidence that it was predicated upon a regular and valid judgment; and the burden of showing the contrary falls upon the party who brings its legal effect into question."

Our attention is directed to section 7071, Revised Codes, and to subdivisions 15 and 16 of section 7962. Section 7070 provides that every justice of the peace must keep a docket, and specifies in detail the entries which must be made in any given case. Section 7071, among other things, provides: "Such entries in a justice's docket, or a transcript thereof, certified by the justice, or his successor in office, are *prima facie* evidence of the facts so stated." While it is admitted that the abstract mentioned in section 7056 is not a transcript of the justice's docket, it is insisted that it should be given the same evidentiary force and effect; but with this we are unable to agree. It is only by virtue of the provisions in section 7071 above that the entries in the justice's docket, or a transcript thereof, possess evidentiary value sufficient to make out a *prima facie* case of the facts there recorded. In the absence of that statute no such rule of evidence could be invoked. But there is reason for the rule as

applied to the docket entries; for if the docket is kept as required by section 7070, it contains a complete history of the case, and this fact justifies the rule.   But in attempting to apply it to an abstract of the judgment the reason for the rule is entirely wanting, for the abstract does not contain anything but the bare recital: "Judgment entered for plaintiff (or defendant) for $———— [stating amount], on the ———— day of ———— [stating the date]."

But counsel for appellants invoke the presumptions of law found in subdivisions 15 and 16 of section 7962, as follows: " * * * (15) That official duty has been regularly performed.   (16) That a court or judge acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction."   However useful these rules, or however generously their language may be construed, they cannot suffice to relieve one whose asserted claim depends upon the validity of a justice's judgment from showing affirmatively that the court which rendered the judgment had jurisdiction, when the allegation that the judgment was duly given or made is controverted.   Justices' courts are courts of limited jurisdiction, and no presumption in favor of their jurisdiction is to be indulged. In *Layton* v. *Trapp*, 20 Mont. 453, 52 Pac. 208, this court said: "The justice's court is a court of inferior jurisdiction, and there are no legal presumptions in favor of its jurisdiction.   Its jurisdiction must affirmatively appear upon the face of the record. Proper proof of the service of the summons, by a person other than an officer, is a condition precedent to the rendition of a judgment by default, and without such proof the court has no jurisdiction."   To the same effect are *State ex rel. Kenyon* v. *Laurandeau*, 21 Mont. 216, 53 Pac. 536; *Oppenheimer* v. *Regan*, 32 Mont. 110, 79 Pac. 695; *State ex rel. Collier* v. *Houston*, 36 Mont. 178, 12 Ann. Cas. 1027, 92 Pac. 476.

Our Code, section 7962, above, was evidently copied from California, which has had the same statute in force there since 1872 at least.   (2 Code Civ. Proc. Cal. 1872, sec. 1963.)   Many years before its adoption in California the supreme court of that state

had announced the doctrine that justices' courts are courts of limited jurisdiction, and that no presumption may be indulged in favor of their jurisdiction, but that the facts showing jurisdiction must appear affirmatively from the record. Notwithstanding the adoption of their Code containing the same presumptions as are found in subdivisions 15 and 16 of our section 7962 above, the same rules have been reiterated uniformly ever since their adoption of the Code provision. (*King* v. *Randlett,* 33 Cal. 318; *Cardwell* v. *Sabichi,* 59 Cal. 490; *Kane* v. *Desmond,* 63 Cal. 464; *Keybers* v. *McComber,* 67 Cal. 395, 7 Pac. 838; *Eltzroth* v. *Ryan,* 89 Cal. 135, 26 Pac. 647.) Since the statute had been construed by the highest court of the state from [2] which we borrowed it at the time of its adoption here, the rule that we adopted the statute as thus construed applies in this instance. (*State ex rel. Dolenty* v. *District Court,* 42 Mont. 170, 111 Pac. 731; *Deer Lodge County* v. *United States F. & G. Co.,* 42 Mont. 315, Ann. Cas. 1912A, 1010, 112 Pac. 1060; *State Savings Bank* v. *Albertson,* 39 Mont. 414, 102 Pac. 692.)

But aside from the rules of law enforced by the courts above, our Codes themselves appear to reserve the final word upon the subject. Section 6571 relieves a party pleading a judgment [3] from the necessity of setting forth at length the facts conferring jurisdiction, and authorizes him to make the bald declaration that the judgment was "duly given or made." Acting upon this authority, each of the defendants in this instance contented himself with such an allegation. The section above then continues: "If such allegation be controverted, the party pleading must establish on the trial the facts concerning jurisdiction." By reply the allegation in each of the answers that the judgment in *Marsh* v. *Miller* was duly given and made was controverted and by express statutory rule the burden was then imposed upon the defendants, claiming under the Marsh judgment, to establish on the trial the facts which showed that the justice's court rendering that judgment had jurisdiction. This they failed to do. In the absence of a statute embodying the rule announced in section 6571 above, the defendants would have been compelled to

allege and prove all facts necessary to show jurisdiction in the justice of the peace court. The only purpose of the statute is to relieve the pleader from setting forth the jurisdictional facts (*State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044; *Weller* v. *Dickinson,* 93 Cal. 108, 28 Pac. 854); but it does not operate to relieve him of the necessity of proving those facts if his abbreviated allegation is controverted. On the contrary, that he is compelled to assume that burden the statute declares in unmistakable terms.

Since defendants' pretended claims depend altogether upon the validity of the justice's judgment, and they failed to show that the justice of the peace court had jurisdiction of the case of *Marsh* v. *Miller,* they failed to show any outstanding claim or title in either of them adverse to the plaintiff.

The judgment and order of the district court are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.