the stock in question, should be modified, either by a direct resettlement or upon a reference to the appraiser, as the comptroller may elect.

Order modified.

(92 Misc. Rep. 627)

### In re BALDASARRO'S ESTATE.

(Surrogate's Court, Jefferson County.   December 2, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬸303—RESIDENT ALIEN—NONRESIDENT NEXT OF KIN—DISTRIBUTION.

Where the consular agent for Italy procured letters of administration on the estate of a resident alien subject of the kingdom of Italy, and thereunder prosecuted a claim for his wrongful death, resulting in there being in his hands for distribution among the next of kin residing in Italy the sum of $457.56, the fund should, under the treaty between the United States and Italy, be turned over to the consul general of that kingdom on behalf of such next of kin.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1229–1242, 1245; Dec. Dig. ⬸303.]

2. EXECUTORS AND ADMINISTRATORS ⬸32—REMOVAL—PETITION—DISCRETION OF SURROGATE.

Under Code Civ. Proc. § 2570, providing for proceedings under a petition to revoke the letters of administrators and other fiduciaries for the causes specified in section 2569, the surrogate has discretion to refuse to entertain the petition.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 191–212; Dec. Dig. ⬸32.]

3. EXECUTORS AND ADMINISTRATORS ⬸32—REVOCATION OF LETTERS—DISCRETION OF SURROGATE.

Where, after a duly appointed administrator has collected the assets of an estate, and the fund, which is small, is ready for decree of final distribution, it is a proper exercise of the surrogate's discretion to refuse to entertain a petition, under Code Civ. Proc. § 2570, providing for the revocation of letters of administration upon petition for the causes specified in section 2569, where such petition does not state any new facts, or show any other assets, or allege any good reason why a change in administrators, involving more expense, should be made.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 191–212; Dec. Dig. ⬸32.]

In the matter of the estate of Raffaele Baldasarro, deceased.   Petition by county treasurer for revocation of letters of administration. Citation refused.

Gilbert S. Woolworth, of Watertown, for petitioner.
Du Bois & McDermott, of Albany, for administrator.

ATWELL, S.   The deceased above named, who met with accidental death on the 3d day of May, 1914, was a resident alien, a subject of the kingdom of Italy.   On the 19th of May, 1914, letters of administration upon his estate were issued by this court to Germano P. Baccelli, consular agent for the kingdom of Italy, residing at Albany, N. Y.

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Since such letters were issued, the administrator has collected $810.08, of which $750 was recovered in settlement of a cause of action for negligently causing the death of the deceased against one Millard. The administrator also recovered judgment for $750 against one Weeks for the same cause. Said Weeks has since died, and has left no estate, and the said judgment remains uncollected and uncollectible. In August, 1915, the administrator filed his final account, showing the above facts, and that he has paid the funeral expenses of deceased, and counsel fees and other expenses, and has on hand for distribution the sum of $457.56, subject to commissions and expenses of accounting.

This fund should be distributed among the next of kin of the deceased, who are his mother and four sisters, residing at Apise, province of Benevento, Italy. G. Fara Forni, consul general of the kingdom of Italy, residing in New York City, has appeared in behalf of the next of kin, and claims that the fund should be paid to him by reason of the provisions of the treaty between this country and Italy. This right has been recognized in the Surrogate's Courts of this state. Matter of Tartaglio, 12 Misc. Rep. 245, 33 N. Y. Supp. 1121; Matter of Davenport, 43 Misc. Rep. 573, 89 N. Y. Supp. 537.

I am inclined to follow these decisions, and grant the decree asked for, unless the letters issued must be revoked by reason of a recent application therefor. On the 30th day of November, 1915, the county treasurer of Jefferson county presented his petition, claiming that he has a prior right to letters of administration upon this estate, and demanding that the letters issued herein May 19, 1914, to Germano P. Baccelli be revoked, and that new letters be issued to himself.

[2, 3] This application is made under the provisions of section 2569, Code Civ. Proc., as I understand it, and by the provisions of section 2570 the surrogate may, in his discretion, refuse to entertain the proceeding and refuse to issue a citation. I cannot see how any good can be accomplished by revoking these letters and issuing new letters. The estate is ready for decree of final distribution. The petition presented does not state any new facts, or show that any other assets have been or are likely to be discovered, or allege any good reason why, at this late stage, a change in administrators should be made. Such change would involve more and unnecessary expense. The amount left for distribution is small, and should not be subjected to any further expense. I therefore think it would be a proper exercise of discretion to decline to entertain the proceeding, and to do otherwise would work an injustice upon the next of kin. The application for a citation is therefore refused.

Since preparing this memorandum, one Marco Paragona, claiming to be a cousin of the deceased, has presented a similar petition through the same attorney who presented the county treasurer's petition, asking for the revocation of the letters issued to the Italian consular agent and the issuance of letters to the county treasurer. This petition the surrogate also declines to entertain, for the reasons above stated.