WALL, RESPONDENT, v. DUGGAN, SHERIFF, ET AL., APPEL-
LANTS.

(No. 5,898.)

(Submitted April 8, 1926.  Decided April 22, 1926.)

[245 Pac. 953.]

*Homesteads—Filing of Declaration After Levy of Attachment—
Validity—Exemptions.*

Homestead may be Claimed on Undivided Interest in Land.
  1. A homestead may be claimed upon an undivided interest in
  land.
Homestead—Filing of Declaration After Levy of Attchment—Exempted
from Execution, When.
  2. The filing of a homestead declaration after a writ of attach-
  ment had been levied upon the land exempts the land from sale
  on execution obtained after the declaration was filed.
Same—Exemption from Execution—Destruction of Vested Interest of
Creditor Obtained by Levy of Attachment—When Claim not Sus-
tained.
  3. The exemption statute which, by failing to include a home-
  stead subject to attachment within the exceptions to the general
  rule that a homestead is exempt from execution, in effect declares
  that the lien of an attachment does not operate to defeat a
  homestead declaration, enters into and constitutes a part of a
  contract of sale of goods; therefore the contention of the seller
  that to hold a homestead declaration filed after he (the seller)
  had caused an attachment to be levied on the land sought to be
  homesteaded by the buyer, would destroy a vested right secured to
  him by the lien, cannot be sustained.

[1]  Homesteads, 29 C. J., sec. 164, p. 848, n. 85, 86.
[2]  Homesteads, 29 C. J., sec. 205, p. 862, n. 93, 94, 95; Statutes,
36 Cyc., p. 1122, n. 47; p. 1130, n. 68, 69; p. 1151, n. 57; p. 1164, n. 66.
[3]  Constitutional Law, 12 C. J., sec. 564, p. 977, n. 64 New; sec.
748, p. 1076, n. 80; Homesteads, 29 C. J., sec. 8, p. 785, n. 55.

*Appeal from District Court, Silver Bow County; George
Bourquin, Judge.*

ACTION by George W. Wall against Larry Duggan, Sheriff
of Silver Bow County, and another.  From a judgment grant-
ing a permanent injunction restraining defendants from sell-

1.  See 13 R. C. L. 572.
2.  See 13 R. C. L. 616.

ing under execution property claimed by plaintiff as a homestead, defendants appeal. Affirmed.

*Mr. N. A. Rotering* and *Mr. A. C. McDaniel,* for Appellants, submitted a brief; *Mr. McDaniel* argued the cause orally.

Where an attachment is levied upon real estate, the attaching creditor secures a right which cannot be divested by a subsequent declaration of homestead on the property, and the property may be sold under execution, free of the homestead, to satisfy the judgment obtained in the attachment action. (*Kelly* v. *Dill,* 23 Minn. 435, 439; *Robinson* v. *Wilson,* 15 Kan. 595, 22 Am. Rep. 272; *Avery* v. *Stephens,* 48 Mich. 246, 12 N. W. 211; *Mahon* v. *Fansett,* 17 N. D. 104, 115 N. W. 79; *Baird* v. *Trice,* 51 Tex. 555; *Watkins* v. *Overby,* 83 N. C. 165; *Hines* v. *Duncan,* 79 Ala. 112, 58 Am. Rep. 580; *Campbell* v. *Keys,* 130 Mich. 127, 89 N. W. 720; *Reynolds* v. *Tenant,* 51 Ark. 84, 9 S. W. 857; *Smith* v. *Richards,* 2 Idaho, (464) 498, 21 Pac. 419; *Liebetrau* v. *Goodsell,* 26 Minn. 417, 4 N. W. 813; see, also, *Gunn* v. *Barry,* 15 Wall. (U. S.) 610, 21 L. Ed. 212 [see, also, Rose's U. S. Notes]; *Rankin* v. *Scott,* 12 Wheat. (U. S.), 177, 6 L. Ed. 592; *Day* v. *Madden,* 9 Colo. App. 464, 48 Pac. 1053.)

A homestead cannot be declared on an undivided interest in land. (*In re Davidson's Estate,* 159 Cal. 98, 115 Pac. 49; *Johnson* v. *Johnson,* 46 Cal. App. 433, 189 Pac. 296; *Schoonover* v. *Birnbaum,* 148 Cal. 548, 83 Pac. 999; *In re Carraghar's Estate,* 181 Cal. 15, 183 Pac. 161; *Rosenthal* v. *Merced Bank,* 110 Cal. 198, 42 Pac. 640; *Mitchell* v. *Denny,* 129 Tenn. 366, 164 S. W. 1140; *Caire* v. *Hickox,* 136 La. 803, 67 South. 887; *Bank of Jeanerette* v. *Stansbury,* 110 La. 301, 34 South. 452; *Sims* v. *Sims,* 122 Ga. 777, 50 S. E. 937; *Mellichamp* v. *Mellichamp,* 28 S. C. 125, 5 S. E. 333; *Nance* v. *Hill,* 26 S. C. 227, 1 S. E. 897; *West* v. *Ward,* 26 Wis. 579; *Cornish* v. *Frees,* 74 Wis. 490, 43 N. W. 507; *Holmes* v. *Winchester,* 138 Mass. 542.)

*Mr. Earle N. Genzberger* and *Mr. Lewis A. Smith,* for Respondent, submitted a brief; *Mr. Genzberger* argued the cause orally.

The declaration of homestead under our law may be made at any time up to the entry of judgment. ' (*McCracken* v. *Harris,* 54 Cal. 81; *Sullivan* v. *Hendrickson,* 54 Cal. 258; *Wilson* v. *Madison,* 58 Cal. 1; *Fitzell* v. *Leaky,* 72 Cal. 477, 14 Pac. 198.) It has been repeatedly held that an attachment lien is defeated by the intervention of a homestead right subsequently acquired. (*Beaton* v. *Reid,* 111 Cal. 484, 44 Pac. 167; *Simons* v. *Burr,* 121 Cal. 582, 54 Pac. 87.)

It is the general rule that the established construction of the constitutional restrictions upon the impairment of obligation of contracts and the confiscation of "vested rights" requires that the statutes exempting property of the debtor from attachment or execution shall be construed to be parts of all contracts made when they are in existence and therefore cannot be held to impair their obligation. (*Denny* v. *Bennett,* 128 U. S. 489, 32 L. Ed. 491, 9 Sup. Ct. Rep. 134 [see, also, Rose's U. S. Notes]; *Bronson* v. *Kinzie,* 1 How. (U. S.) 321, 11 L. Ed. 143; *United States ex rel. Von Hoffman* v. *City of Quincy,* 4 Wall. (U. S. 535, 553, 18 L. Ed. 403 [see, also, Rose's U. S. Notes].)

A homestead can be declared on an undivided interest in land. (*Lindley* v. *Davis,* 7 Mont. 206, 14 Pac. 717; *Ferguson* v. *Speith,* 13 Mont. 487, 40 Am. St. Rep. 459, 34 Pac. 1020; *McCarthy* v. *Kelley,* 63 Mont. 233, 206 Pac. 782.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On September 21, 1923, the Newbro Drug Company commenced an action in the district court of Silver Bow county against George W. Wall and W. M. V. Lynch upon an account for goods (druggists' supplies) sold and delivered between March 1, 1923, and August 31, 1923, and procured a writ of attachment, which was duly levied upon the undivided

one-half interest in parts of certain lots in Butte owned by Wall. Thereafter, on November 9, 1923, Wall filed for record his declaration claiming the attached interest as a homestead. On January 30, 1924, the Newbro Drug Company secured a judgment against Wall and Lynch in the action referred to, and procured an execution which was placed in the hands of the sheriff (Duggan), who proceeded to advertise the attached property for sale. Thereupon Wall instituted this action to secure an injunction restraining further proceedings under the execution. He prevailed in the lower court, and the defendants have appealed from the judgment which awarded a permanent injunction.

It is not controverted here that Wall was qualified to claim a homestead, that the entire area of the ground in which he claims an undivided one-half interest does not exceed one-fourth of an acre, that the other half interest is owned by his wife, that Wall resides on the property with his family, that the value of his interest does not exceed $2,500, and that his homestead declaration in form meets the requirements of the statute. Two questions only are presented:

1. May a homestead be claimed upon an undivided interest [1] in land? That question was answered in the affirmative by this court in *Lindley* v. *Davis*, 7 Mont. 206, 14 Pac. 717, and in principle the doctrine of that case was approved in *Ferguson* v. *Speith*, 13 Mont. 487, 40 Am. St. Rep. 459, 34 Pac. 1020, and was recognized in *McCarthy* v. *Kelley*, 63 Mont. 233, 206 Pac. 782. No useful purpose could be served at this late day in reiterating the arguments in favor of the rule announced in *Lindley* v. *Davis*. That rule is supported by right reasoning and by the overwhelming weight of authority, and is now reaffirmed. The doctrine prevails also in Alabama, Arizona, Arkansas, Colorado, Florida, Georgia, Illinois, Iowa, Kansas, Kentucky, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, North Carolina, Ohio, Oklahoma, South Carolina, Texas, and Vermont. The decided cases will be found cited in 29 C. J. 848. (See, also, Thompson on Homesteads and Exemptions, sec. 188.)

[76 Mont. 239.]

In 1855 the California court first announced the doctrine that a homestead cannot be claimed by a cotenant in lands held in cotenancy. (*Wolf* v. *Fleischacker*, 5 Cal. 244, 63 Am. Dec. 121.) After reviewing that case and other early California cases to the same effect, Freeman in his work on Cotenancy and Partition, section 54, says: "But we see no sufficient reason, even in the absence of statutes directly bearing upon the subject, for holding that a general Homestead Act does not apply to lands held in cotenancy." However, except for a brief period (1868–1873), the California court has adhered to the rule announced in *Wolf* v. *Fleischacker* above, but not without some apparent misgivings as to its correctness. In *Schoonover* v. *Birnbaum*, 148 Cal. 548, 83 Pac. 999, the court, after reviewing its previous decisions upon this question, said: "Without expressing any opinion concerning the soundness or unsoundness of the decisions in question, we are of the opinion that they should be adhered to, leaving it to the legislature to extend the right of the homestead to cotenants if it shall see fit." In *Swan* v. *Walden*, 156 Cal. 195, 134 Am. St. Rep. 118, 20 Ann. Cas. 194, 103 Pac. 931, the court referred particularly to the cases arising under the statute of 1868, and said: "Saving, however, in the cases mentioned, this court, which was the first to declare that a homestead could not be impressed upon land held in cotenancy, has, though somewhat reluctantly, felt impelled to adhere to its decisions as a rule of property under the doctrine of *stare decisis.*" Finally, in *In Re Carraghar's Estate*, 181 Cal. 15, 183 Pac. 161, the court said: "Whatever we might think if the question were a new one in this state, it is clear that the general rule to the effect that a homestead cannot be created or set apart from property owned by the husband or wife and a third party as tenants in common or joint tenants is too thoroughly established by a long line of decisions, commencing with *Wolf* v. *Fleishchacker*, 5 Cal. 244, 63 Am. Dec. 121, and running down practically to this time, to permit us now to hold otherwise." So far as our investigation discloses, the California rule prevails only in California, Louisiana, Massachusetts, Nevada and Tennessee. It

was observed many years ago in Wisconsin, but was abrogated by statute in 1878. (*Bartle* v. *Bartle*, 132 Wis. 392, 112 N. W. 471.)

The slight change made in our homestead law since the decision in *Lindley* v. *Davis* was rendered does not call for any change in the rule established by that case.

2. The remaining question is: Did the filing of the home[2] stead declaration after the writ of attachment had been levied upon the land operate to exempt the land from sale under the execution issued upon the judgment which was obtained after the declaration was filed?

This question is answered in the affirmative by our statute itself. From the moment that Wall filed for record the homestead declaration, his interest in the property described became his homestead (sec. 6973, Rev. Codes 1921), and section 6948 declares: "The homestead is exempt from execution or forced sale, except as in this chapter provided." The only exceptions are those mentioned in section 6949 and sections 6953 to 6967, Revised Codes. Section 6949 provides: "The homestead is subject to execution or forced sale in satisfaction of judgments obtained: 1. Before the declaration of homestead was filed for record, and which constitute liens upon the premises; but no judgments obtained before this Code takes effect shall constitute such liens. 2. On debts secured by mechanics' or vendors' liens upon the premises. 3. On debts secured by mortgages on the premises, executed and acknowledged by the husband and wife, or by an unmarried claimant. 4. On debts secured by mortgages on the premises, executed and recorded before the declaration of hometead was filed for record."

Since the claim of the Newbro Drug Company was not secured by a mechanic's or vendor's lien or by a mortgage, the provisions of subdivisions 2, 3 and 4 above do not have any application here; and since the provisions of sections 6953 to 6967 are effective only in the event the homestead has a value alleged to be in excess of $2,500, they are equally inapplicable to the facts of this case.

Stripped of these irrelevant provisions, the statute declares that Wall's homestead was exempt from execution (sec. 6948), except only an execution issued upon a judgment obtained before the declaration of homestead was filed for record (sec. 6949, subd. 1), and since the judgment in this instance was not obtained until nearly three months after the declaration was filed, the property was exempt.

But it is insisted that a consideration of the attachment statutes compels a different conclusion. It is true that section 9256, Revised Codes, provides that the plaintiff in an action may have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered; that section 9288 provides that the lien of attachment accrues at the time the property is attached, and that section 9276 provides that if the plaintiff in the action recover judgment the sheriff must satisfy it out of the attached property. But these are general provisions applicable to the attachment of property generally, while the provisions of sections 6948 and 6949 are special, dealing with a particular class of property—homesteads—and section 10520 declares: "When a general and particular provision [of a statute] are inconsistent, the latter is paramount to the former."

Our Constitution declares: "The legislative assembly shall enact liberal homestead and exemption laws." (Article XIX, sec. 4.) Pursuant to that mandate our legislature enacted the present homestead laws in 1895 (Civ. Code 1895, secs. 1670–1703), and concerning them this court said: "By a general consensus of opinion, the courts hold that such laws have for their purpose the maintenance and protection of the family and that they are subject to the rule of liberal construction, to the end that this purpose may be fully effected; and though the particular statute under consideration, as is the case here, makes the exemptions in favor of the judgment debtor *eo nomine,* the courts do not regard them as conferring a personal right upon the debtor, but rather as declaring a family right which may be asserted effectively by the wife or any

other person upon whom, for the time, the care of the family has been cast.'' (*Mennell* v. *Wells,* 51 Mont. 141, 149 Pac. 954.)

It will be observed that our statute does not prescribe any fixed period within which a homestead declaration may be filed, but it does fix the date of the filing as the time which determines whether the homestead is subject to execution or 'forced sale. If it had been the intention of the legislature to 'subject to forced sale a homestead upon which an attachment had been levied, apt language with which to express such intention would have been employed; but from the fact that it declared a general rule that the homestead is exempt, and then enumerated certain exceptions to that rule, but failed to include as one of the exceptions a homestead subject to an attachment, it must be accepted as a legislative declaration that the lien of an attachment does not operate to defeat a homestead declaration; and this is the rule in California and Nevada under homestead and exemption statutes similar to our own. (*McCracken* v. *Harris,* 54 Cal. 81; *Sullivan* v. *Hendrickson,* 54 Cal. 258; *Wilson* v. *Madison,* 58 Cal. 1; *Fitzell* v. *Leaky,* 72 Cal. 477, 14 Pac. 198; *Hawthorne* v. *Smith,* 3 Nev. 182, 93 Am. Dec. 397.) In *Fitzell* v. *Leaky,* above, the court said: ''It has never been held that a homestead was invalid because the declarant was in debt, or declared the homestead to protect it from existing debts. It is not invalid because made during the progress of litigation, which subsequently results in an ordinary money judgment against the homesteader, or because made at any time before the entry and docketing of such a judgment. The law authorizes a debtor to erect a barrier around the home, over which the sheriff although armed with final process under such a judgment, cannot pass. With the policy of the law, or the abstract morality of a particular transaction, we have nothing to do. The doctrine bearing upon conveyances made to hinder, delay, or defraud creditors has no application to the creation of a homestead. * * * A judgment obtained after a declaration of homestead, unless secured

by a mortgage, or mechanics', laborers', or vendors' lien, cannot be enforced against the homestead, even although an attachment was levied upon the premises before the filing of the declaration.''

There are numerous decided cases to be found which hold that the lien of an attachment cannot be defeated by filing a homestead declaration, but, in general, these cases deal with statutory provisions so different from ours that the conflict of authority is more apparent than real. In any event the language of our present statute is too plain to admit of any conclusion other than the one we have announced.

The contention that this construction operates to destroy a [3] vested interest secured to the Newbro Drug Company by the lien of its attachment cannot be sustained. There was not any such vested interest. Our exemption statutes entered into and constituted a part of the contract between the Newbro Drug Company and Wall and Lynch. (*Denny* v. *Bennett,* 128 U. S. 489, 495, 32 L. Ed. 491, 9 Sup. Ct. Rep. 134.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.