ESTERLY, Appellant, *v.* BROADWAY GARAGE CO. ET AL., Respondents.

(No. 6,524.)

(Submitted November 25, 1929. Decided February 28, 1930.)

[285 Pac. 172.]

*Mr. Miles J. Cavanaugh,* for Appellant, submitted a brief.

66

*Mr. Timothy Nolan, Mr. A. R. Bertoglio* and *Mr. A. C. Mc-Daniel,* for Respondents, submitted a brief; *Mr. McDaniel* argued the cause orally.

HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the court.

This is an action to quiet title. The defendants allege in their answer that the defendants, Jacimo Morello and Julia

Morello, are the owners of the premises by deed from the defendant, Broadway Garage Company, execution purchaser on a judgment against the plaintiff. The prayer is that title be quieted in the Morellos. The reply alleges facts designed to show the premises were the homestead of the plaintiff when the judgment on which execution sale was had was rendered. The trial court decreed the title quieted in the Morellos, and plaintiff appealed.

The specifications of error question the correctness of the court's holding that plaintiff's declaration of homestead was invalid, and the finding that she was not the head of a family.

Section 6969, Revised Codes of 1921, as amended by Chapter 86, Laws of 1925, so far as applicable to this action, is as follows: "The phrase 'head of a family' as used in this Chapter, includes within its meaning: * * * Every person who has residing on the premises with him or her, and under his or her care and maintenance, either: * * * Second. A minor grandchild."

The sufficiency of the declaration is questioned in but one particular, namely, that it does not show the plaintiff to be the head of a family, as defined by section 6969 as amended.

Section 6971 provides: "The declaration of homestead must contain: 1. A statement, *showing* that the person making it is the head of a family; or, when the declaration is made by the wife, *showing* that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit." (Italics ours.)

Plaintiff's declaration of homestead recites: "Know all men by these presents that the undersigned Anna Esterly, for the purpose of making a declaration of Homestead under the laws of the State of Montana hereby makes the following statements: That she is the head of a family, to-wit, the widow of Steve Esterly, deceased; that she has living with her on the premises hereinafter described and dependent on her for support one daughter, and one grandchild, who are unable to support themselves: That she is residing on the premises

hereinafter described with said daughter and grandchild, and claims said premises as her homestead."

Prior to the adoption of the Codes no declaration of homestead was required. (Comp. Stats. 1887, First Div., secs. 322–330, incl.) The provisions of our Code, with the exception of one section which has no bearing here, were all adopted from the California Code. (*Yerrick* v. *Higgins,* 22 Mont. 502, 57 Pac. 95.) Section 6971 is section 1263 of the Civil Code of California.

Section 1263 was construed by the supreme court of California in 1885. "Objection was made that the declaration did not contain a sufficient statement of facts showing the declarant to be the head of a family, and that is the question argued on the appeal. A statement of such facts was not required by the law under which the declaration was executed. It *was required* by section 1263 of the Civil Code, before the section was amended in the year 1874. By the original section it was provided: 'The declaration of homestead must contain a *statement of the facts* that show the person making it to be the head of a family.' But in that particular the section was amended in 1874 so as to read as follows: 'The declaration of homestead must contain a statement showing that the person making it is the head of a family.' From the phraseology of the amendment it is manifest that the legislature intended to dispense with 'a statement of the facts' in a declaration, from which the ultimate fact might be judicially inferred, and to require instead a simple statement or recital of the ultimate fact. Under the law as amended, the homestead in this case was selected, and the declaration, 'I am the head of a family,' is the statement of a fact, and that fact, in connection with the other facts, which are admitted to be sufficiently stated, shows that the declarant was, at the time of making the declaration, qualified, according to the homestead law, to make the selection of the homestead, and that the land selected possessed the statutory qualities for that purpose." (*Jones* v. *Waddy,* 66 Cal. 457, 6 Pac. 92, 93.)

If the construction of section 6971 by the supreme court of California, prior to its adoption by our legislative assembly, is to be followed, plaintiff's declaration is valid. All that follows the statement that she is the head of a family may be considered surplusage.

The rule that the construction of a borrowed statute by the highest court of the parent state, prior to its enactment here, will be followed by this court is of long standing. It has been applied in the following cases: *Territory* v. *Stears,* 2 Mont. 324; *Hershfield & Bro.* v. *Aiken,* 3 Mont. 442; *First Nat. Bank* v. *Bell S. & C. M. Co.,* 8 Mont. 32, 19 Pac. 403; *Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1057; *State* v. *O'Brien,* 18 Mont. 1, 43 Pac. 1091; *State* v. *Butte City Water Co.,* 18 Mont. 199, 56 Am. St. Rep. 574, 32 L. R. A. 697, 44 Pac. 966; *Largey* v. *Chapman,* 18 Mont. 563, 46 Pac. 808; *Stadler* v. *First Nat. Bank,* 22 Mont. 190, 74 Am. St. Rep. 582, 56 Pac. 111; *Butte & Boston Co.* v. *Montana Ore Pur. Co.,* 25 Mont. 41, 63 Pac. 825; *Nelson* v. *Great Northern Ry. Co.,* 28 Mont. 297, 72 Pac. 642; *Mc-Queeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561; *State Sav. Bank* v. *Albertson,* 39 Mont. 414, 102 Pac. 692; *State ex rel. Dolenty* v. *District Court,* 42 Mont. 170, 111 Pac. 731; *Deer Lodge County* v. *United States F. & G. Co.,* 42 Mont. 315, Ann. Cas. 1912A, 1010, 112 Pac. 1060; *McDonnell* v. *Huffine,* 44 Mont. 411, 120 Pac. 792; *Winslow* v. *Dundom,* 46 Mont. 71, 125 Pac. 136; *Miller* v. *Miller,* 47 Mont. 150, 131 Pac. 23; *Moreland* v. *Monarch Min. Co.,* 55 Mont. 419, 178 Pac. 175; *Haydon* v. *Normandin,* 55 Mont. 539, 179 Pac. 460; *State ex rel. Rankin* v. *State Board of Examiners,* 59 Mont. 557, 197 Pac. 988; *Mares* v. *Mares,* 60 Mont. 36, 199 Pac. 267; *Continental Oil Co.* v. *Montana C. Co.,* 63 Mont. 223, 207 Pac. 116; *State ex rel. Murray* v. *Walker,* 64 Mont. 215, 210 Pac. 90; *In re Miller's Estate,* 71 Mont. 330, 229 Pac. 851; *Winnett Pacific Oil Co.* v. *Wilson,* 71 Mont. 250, 229 Pac. 850; *Williams* v. *Hilger,*

77 Mont. 399, 251 Pac. 524; *Brown* v. *Roberts,* 78 Mont. 301, 254 Pac. 419.

The rule has its exceptions recognized in many of the cases where it has been applied. It has not been followed in these: *Stackpole* v. *Hallahan,* 16 Mont. 40, 28 L. R. A. 502, 40 Pac. 80; *Oleson* v. *Wilson,* 20 Mont. 544, 63 Am. St. Rep. 639, 52 Pac. 372; *Finlen* v. *Heinze,* 28 Mont. 548, 73 Pac. 123; *Ancient Order of Hibernians* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197; *State* v. *Mott,* 29 Mont. 292, 74 Pac. 728; *State ex rel. Goodman* v. *Stewart,* 57 Mont. 144, 187 Pac. 641.

From a consideration of the decisions cited we conclude that the rule will be followed by this court except when the decision of the court of the parent state does not appeal to us as founded on right reasoning, or conflicts with prior holdings of this court, or is not in harmony with the spirit of our institutions, or when to follow it would lead to the denial of a constitutional right. The construction placed upon section 6971 by the California court will be followed and plaintiff's declaration held valid.

We are inclined to so construe section 6971, regardless of the prior construction by the California court. Exemption statutes have a humanitarian purpose, and their provisions must be liberally construed. (Const., Art. XIX, sec. 4; *Wall* v. *Duggan,* 76 Mont. 239, 245 Pac. 953; *Mennell* v. *Wells,* 51 Mont. 141, 149 Pac. 954; *Dayton* v. *Ewart,* 28 Mont. 153, 98 Am. St. Rep. 549, 72 Pac. 420; *Yerrick* v. *Higgins,* supra; 13 Cal. Jur. 426, 431.) It is true that every word in a statute must be given effect if possible. (*In re McLure's Estate,* 68 Mont. 556, 220 Pac. 527.) The word "showing" may be omitted from the provision so that it will read, "a statement that the person making it is the head of a family," and it would more clearly express the legislative intent as determined by the California court. The word "showing" means, "to make apparent or clear." (Webster.) Were there nothing further to disclose the legislative intent in the use

of the word, we might well infer that the legislative assembly meant the declaration should disclose the facts showing the claimant to be the head of a family as defined by section 6969, as amended, supra. But let us examine the following clause in subdivision 1 of section 6971: "or, when the declaration is made by the wife, showing that her husband has not made such declaration." It is apparent that, by the use of the word "showing" in this clause, the legislative assembly did not mean that the wife should do more than state the fact that her husband has not made a declaration. If the word was used unnecessarily in one case, it may well be regarded as so used in the other. (25 R. C. L. 994, sec. 238; 36 Cyc. 1132.)

The undisputed evidence shows that at the time the declaration was recorded, the family residing on the premises consisted of Mrs. Esterly, her divorced daughter, and the latter's child three and one-half years old. The daughter and grandchild had lived with the plaintiff since the child was eleven days old. The daughter and her child had been abandoned by the husband and father at least since the previous year. The daughter and grandchild were supported in a large part by the plaintiff. The daughter worked off and on, and, when she worked, the child was cared for by the plaintiff. The evidence clearly shows that, at the time plaintiff recorded her declaration, she had residing on the premises with her, and under her care and maintenance, a minor grandchild, as provided by subdivision 3 of section 6969, as amended. The court erred in finding the grandchild was not under the care of plaintiff.

The judgment is reversed and the cause is remanded to the district court of Silver Bow county, with direction to enter judgment for plaintiff.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.

Rehearing denied March 14, 1930,