NOVACK, Appellant, *v.* PERICICH et al., Respondents.

(No. 6,775.)

(Submitted May 8, 1931. Decided May 25, 1931.)

[300 Pac. 240.]

*Mr. M. S. Galasso* and *Mr. M. J. Doepker,* for Appellant.

*Mr. Joseph P. Vilk* and *Mr. W. N. Waugh,* for Respondent Margaret Pericich.

*Mr. Wm. B. Frame,* for Respondent Federal Finance Corporation.

MR. JUSTICE FORD delivered the opinion of the court.

On July 6, 1927, Joseph P. Vilk commenced an action in the justice court of Silver Bow township and county against Steve Novack, plaintiff here, and others, to recover the sum of $200. On the same day summons was issued returnable July 11, at 10 o'clock A. M. Service was had on Novack on July 7. On July 11 the default of Novack was entered and judgment rendered and entered against him in accordance with the prayer of the complaint. Thereafter an abstract of judgment was filed in the office of the clerk of the district court of Silver Bow county, and execution issued thereon and placed in the hands of the sheriff, who levied upon and sold to John F. Lhotka certain real estate situated in Silver Bow county belonging to Novack. Thereafter sheriff's certificate of sale was assigned to Vilk and on March 26, 1929, sheriff's deed was issued to him. Vilk transferred the property to Margaret Pericich, who thereafter mortgaged the same to Federal Finance Corporation to secure the payment of $236. This action was brought by Novack to quiet title to the property. Trial was had before the court sitting without a jury and resulted in judgment for defendants quieting title of Margaret Pericich and Federal Finance Corporation against

all adverse claims of plaintiff in and to the property described. Plaintiff appealed from the judgment.

The uncontradicted evidence shows that the summons issued out of the justice court in the action against Novack, plaintiff here, was returnable on July 11, at 10 o'clock A. M., and was served on him on July 7. It is contended by plaintiff that the summons was not served "at least four days before the time for appearance," as required by section 9632, Revised Codes 1921; that the justice court was without jurisdiction of the person of Novack and, in consequence, the judgment entered therein against him is void and the sheriff's deed is a nullity and conveyed no title to the purchaser or her successor.

It is fundamental that a person whose rights are to be affected must be before the court. Unless he is brought in by appropriate process, or voluntarily submits to the jurisdiction of the court, it is powerless and without authority to bind him by judicial determination.

Section 9632, supra, provides that the summons in a justice court for the appearance of the defendant in the character of action under consideration, shall "be made returnable in not less than four nor more than ten days from its date, and shall be served at least four days before the time for appearance."

In the case of *State ex rel. St. George* v. *Justice Court,* 80 Mont. 53, 257 Pac. 1034, 1038, this court had before it for consideration section 9895, Revised Codes 1921, relating to the service of summons in forcible entry and detainer actions, which provides that in such an action "the summons must be directed to the defendant, and be served at least four days before the return day designated therein," and it was held that a summons served on July 8 and returnable July 12, "was not served at least four days before the return day designated therein. It follows that the justice court obtained no jurisdiction of the person of the defendant therein, relatrix herein." (See, also, *State ex rel. Bevan* v. *Mountjoy,* 82 Mont. 594, 268 Pac. 558.) These cases are decisive of this.

The attempted service of summons in the justice court proceeding was wholly abortive and insufficient to bring Novack into court; he did not voluntarily submit to its jurisdiction; and it follows that the judgment of the court based upon such attempted service was void, and the sheriff's certificate and the deed based upon the judgment are nullities and of no force or effect. (*Peterson* v. *Feely,* 88 Mont. 459, 293 Pac. 667.)

In my opinion, concurred by Mr. Justice Angstman, the *St. George* and *Bevan Cases,* supra, are fundamentally unsound, and we subscribe to the conclusion here announced solely on the ground of *stare decisis.*

It is contended by defendant Federal Finance Corporation that it is an innocent mortgagee for value, without notice of any defect in the justice court action sufficient to put it on inquiry, and that plaintiff is not entitled to relief as against it. It is argued that, since the abstract of judgment filed in the office of the clerk of the district court, upon which execution was issued, was regular on its face, it properly relied upon the regularity of the proceedings in the justice court.

Justice courts are courts of limited jurisdiction, having only such powers as are conferred upon them by statute, and no presumption in favor of their jurisdiction obtains. (*Boucher* v. *St. George,* 88 Mont. 162, 293 Pac. 315; *State ex rel. Skrukrud* v. *District Court,* 71 Mont. 570, 230 Pac. 1089; *Miller* v. *Miller,* 47 Mont. 150, 131 Pac. 23.) The abstract of judgment did not import regularity of the proceedings in the justice court, nor the validity of the judgment entered therein. The abstract of judgment was sufficient to put all persons on inquiry, and inquiry would have disclosed that the judgment was void, since the record in the justice court on its face shows that the court was without jurisdiction. Federal Finance Corporation failed to make inquiry, and it cannot now assert that it is an innocent mortgagee without notice.

For the reasons given, the judgment is reversed and the cause remanded to the district court of Silver Bow county, with direction to enter judgment for plaintiff.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.

Rehearing denied June 26, 1931.