In re ESTERLY'S ESTATE. SCHWEFEL, Appellant, *v.*
LIEBEL, Respondent.

(No. 7,209.)

(Submitted May 7, 1934. Decided June 6, 1934.)

[34 Pac. (2d) 539.]

(206)

*Mr. Howard A. Johnson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. William B. Frame* and *Mr. M. J. Doepker,* for Respondent, submitted a brief; *Mr. Doepker* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is a controversy over the right to letters of administration of the estate of Stephen Esterly, who died intestate in France in November, 1918, while a member of the American Expeditionary Force. He held a certificate of war risk insurance on his life, issued by the United States, in which his mother, Anna Laura Esterly, was named beneficiary. He left as heirs and next of kin his wife, Bessie C. Esterly, his father, Peter Stephen Esterly, and his mother. Subsequently his father and mother died, but the estate of neither has been administered nor put in the course of probate. At the time of his mother's death the present value of the unpaid monthly installments under the certificate of insurance amounted to $1,943, which, under section 514, title 38 U. S. C. A., became payable to the estate of Stephen Esterly, to be distributed to his heirs, determinable as of the date of his death. (*Singleton v. Cheek*, 284 U. S. 493, 52 Sup. Ct. 257, 76 L. Ed. 419, 81 A. L. R. 923.) This constitutes the entire estate.

Mae C. Liebel, a resident of Butte, asked for and was granted letters of administration on her petition reciting that the heirs at law of Stephen Esterly were Philip Esterly, a brother, and Mrs. Theresa Esterly Bradley and Mrs. Hazel Esterly Roberts, sisters, all residing in California, and by nomination and on request of the brother and one of the sisters.

Thereafter J. D. Schwefel, a resident of Butte, on the nomination and request of the widow, Bessie C. Esterly, filed his petition for the revocation of the letters theretofore issued to Mae C. Liebel, and for the issuance of letters to him. The petition was submitted to the court on an agreed statement of facts, the material parts of which are recited above, and denied. This appeal followed.

By concession, both applicants for letters possess the necessary qualifications for the office. Appellant contends, and respondent concedes, that the nominee of the widow is en-

titled under the statute, section 10068, Revised Codes 1921, to preferential right to letters. Respondent contends, however, that this is so only when there is an estate requiring administration. The order appealed from recites: "It is further ordered that the petition for distribution of the estate of Stephen Esterly, deceased, presented to the court by the administratrix, Mae C. Liebel, with her brief, be filed forthwith and that an order to show cause be issued that all persons interested in the estate be and appear before this court on Saturday, August 19, 1933, at 10 o'clock A. M. of said day, to show cause why an order of distribution of said estate should not be made among the lawful heirs of said deceased, according to law." From this it is argued by respondent that, since the estate is in a position to be closed, and since there is nothing requiring the further services of an administrator, the order appointing respondent should not now be revoked and a new administrator appointed.

There is merit in this contention. Our investigation has disclosed but one case involving identical facts. That is the case of *In re Baldasarro's Estate*, 92 Misc. 627, 156 N. Y. Supp. 175, 176, where the court disposed of the question by saying: "I cannot see how any good can be accomplished by revoking these letters and issuing new letters. The estate is ready for decree of final distribution. The petition presented does not state any new facts, or show that any other assets have been or are likely to be discovered, or allege any good reason why, at this late stage, a change in administrators should be made. Such change would involve more and unnecessary expense. The amount left for distribution is small, and should not be subjected to any further expense. I therefore think it would be a proper exercise of discretion to decline to entertain the proceeding, and to do otherwise would work an injustice upon the next of kin."

It may be suggested that under the New York statute there considered, the court had discretion, whereas none exists under our sections 10083–10086, Revised Codes 1921, relating to the revocation of letters of administration. If we assume there is

no discretion under these sections of our statute, appellant's position would be no better. Section 10149, Id., requires a summary administration of all estates less than $3,000 in value. That section in part provides that: "When it so appears that the value of the whole estate does not exceed the sum of three thousand dollars, it is in the discretion of the court or judge to dispense with the regular proceedings, or any part thereof, prescribed in sections 10018 to 10464 of this Code, and there must be had a summary administration of the estate, and order of distribution thereof at the end of six months after the issuing of letters." Thus under the express mandate of that section the court has discretion to dispense with all the provisions of sections 10083–10086, after the issuing of letters.

Letters of administration are not invalid because another ▮ had a better right to them. Thus in 23 C. J. 1083, it is said: "A grant of administration is not invalidated by errors or irregularities in the proceedings which do not affect the substantial rights of the adverse party, such as a grant of administration on application of one who is neither next of kin nor creditor, and an administrator appointed and qualified by a court of competent authority is the lawful representative of the personal estate until his appointment is rescinded, although another had the better right to be the administrator." Again: "As a general rule all acts by an executor or administrator done in the due and legal course of administration are valid and binding, even though the appointment is voidable and the letters issued by the court are afterwards revoked or the incumbent discharged from his trust, and he will be protected in all lawful and bona fide acts done before revocation of his letters." (Id. 1085.)

But counsel for appellant contends that there were no valid ▮ ▮ letters issued, because the requisite notice of the hearing was not given. The notice was posted on December 21, fixing the hearing at 10 o'clock A. M. on December 31. The statute requires that notice be given "at least ten days before the hearing." (Sec. 10076, Rev. Codes 1921.) Appellant relies upon the cases of *State ex rel. St. George* v. *Justice Court,*

80 Mont. 53, 257 Pac. 1034, 1037, *State ex rel. Bevan* v. *Mountjoy*, 82 Mont. 594, 268 Pac. 558, and *Novack* v. *Pericich*, 90 Mont. 91, 300 Pac. 240. The first two of those cases had to do with a statute requiring an act to be done a specified number of days before a certain date, whereas the Act here requires the notice to be given a specified number of days before an event, viz., before the hearing. When the statute requires the thing to be done a certain number of days before a certain date, under the above-cited cases section 10707 has no application. That section reads: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded."

But in the *St. George Case* this court recognized a distinction between such a case and a case where the statute requires an act a certain number of days before an event. In the *St. George Case* it was said: " 'As a general rule, where an act is required to be done a specified number of days before an event, the required number of days is to be computed by excluding the day on which the act is done and including the day on which the event is to occur.' Note, however, that text says before an 'event' and a distinction is drawn sometimes between so many days before an 'event' and so many days before a given 'day,' some courts holding that rule applies to the days preceding an 'event' and not to days preceding a given 'day.' (*People ex rel. Chaddock* v. *Barry*, 93 Mich. 542, 53 N. W. 785, 18 L. R. A. 337.)" While this statement was unnecessary to the decision of that case, we think it a correct statement of the law. (See 24 Cal. Jur. 580.)

While there appears to be little, if any, logical reason for this distinction, we think in order to give section 10707 the application it was intended to have, it must be held to apply to a situation as here. The supreme court of California has taken this view under a statute identical with section 10076. (*Bates* v. *Howard*, 105 Cal. 173, 38 Pac. 715; *In re Wright's*

*Estate,* 177 Cal. 274, 170 Pac. 610. See, also, 1 Bancroft's Probate Practice, sec. 270; 11a Cal. Jur., sec. 244, p. 352.)

It is contended that the case of *Novack* v. *Pericich,* supra, supports the claim that the notice was insufficient. In that case the statute involved (Rev. Codes 1921, sec. 9632) required the notice to be given "at least four days before the time for appearance." It was there held that the case was controlled by the *St. George* and *Bevan Cases.* By construing the statute there considered as fixing the time of notice at least a certain number of days before a certain date, as distinguished from a certain event, the conclusion was correct. But if the statute were otherwise construed, and if the language "before the time for appearance" relates to an event rather than to a date, then the conclusion there announced was erroneous. We need not here construe that statute. The statute here involved plainly relates to an event, viz., "the hearing." We hold that the notice here given was sufficient.

The opinion promulgated on June 6, 1934, wherein the same conclusion was reached, is withdrawn, and this one substituted therefor. The order appealed from is affirmed, and the motion for rehearing denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.